WIGGINTON, Judge.
Petitioner seeks review by certiorari of an opinion and order rendered by respondent, Career Service Commission of the Florida Department of Administration. The order of which petitioner seeks quashal reversed the action of petitioner which demoted and transferred respondent, James B. Strickland, to a subordinate position with the Department and ordered that he be reinstated to his former position with restoration of loss in pay. Respondent’s order of reversal is based upon the finding and conclusion that petitioner did not have just cause for taking such disciplinary action against respondent Strickland and that, under the circumstances, the action taken was too severe and harsh. Couched in more legalistic terms, the effect of the reversal order finds as a matter of law that petitioner failed to carry the burden of proof sufficient to justify its action demoting and transferring respondent Strickland.
At the outset petitioner acknowledges the accepted principles of law which govern an appellate court in its review by certio-rari of final orders rendered by administrative agencies. It is conceded that in our consideration of this matter we are not privileged to reweigh or reevaluate the evidence adduced at the hearing of this cause before the Commission but may look to the record only for the purpose of determining whether or not the findings and conclusions which undergird the order here reviewed are supported by competent and substantial evidence and accord with the essential requirements of law.[1] Mr. Justice Thornal, in speaking for the Supreme Court in De-Groot v. Sheffield,[2] gave a classic definition of the term “competent and substantial evidence” when he said:
“We have used the term ‘competent substantial evidence’ advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue *895 can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Becker v. Merrill, 155 Fla. 379, 20 So.2d 912; Laney v. Board of Public Instruction, 153 Fla. 728, 15 So.2d 748. In employing the adjective ‘competent’ to modify the word ‘substantial,’ we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. Jenkins v. Curry, 154 Fla. 617, 18 So.2d 521. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the ‘substantial’ evidence should also be ‘competent.’ * * * ”
Another cardinal rule which controls review by certiorari is that the reviewing court will not attempt to reconcile conflicts in the evidence and will give full credence to the weight and credibility of the evidence as found by the finder of the facts.[3]
Petitioner candidly concedes that it does not seek to have this court disregard or deviate from any of the accepted principles relating to certiorari review as above set forth. It does contend, however, that proper consideration should be given to the recognized exception that where a review of the record reveals that the administrative action complained about relies on evidence that is vague, irrelevant, or lacking in that quality of proof required to establish a substantial basis of fact from which the fact at issue is inferred, the action should be reversed and set aside.[4] Petitioner seriously urges that the evidence in the record clearly establishes a complete absence of any competent or substantial proof to support the findings and conclusions of respondent and that such findings are premised solely on evidence so irrelevant, vague and insubstantial as to nullify the finding and invalidate the conclusions flowing therefrom.
Respondents take the position that on this review we are not concerned so much with the question of whether the competent and substantial evidence rule has been met as we are with a determination of whether petitioner sustained the burden of proof cast upon it to support its order of demotion and transfer. Respondents rely upon the principle set forth by the author of Florida Jurisprudence as follows:
“As in court proceedings, the burden of proof is on the party asserting the affirmative of an issue before an administrative tribunal. In an administrative proceeding for the removal of a police officer on a charge of taking a bribe the police officer is assumed to be innocent until he is proved guilty and his guilt cannot be based on guesswork and suspicion.” [5]
The order of demotion and transfer which formed the basis of the appeal to respondent commission was based upon a report and recommendation made to the Commissioner of Agriculture by respondent Strickland’s immediate superior in which he charged respondent with seven separate acts of commission or omission on which reliance was placed to justify the demotion and transfer. It was these seven specific grounds which formed the basis of the hearing before respondent commission when an appeal was made to it of the order by petitioner. The administrative hearing held by respondent commission consumed two *896 full days and resulted in three volumes of reported testimony containing 466 pages, supplemented by 90 pages of exhibits. Although some of the evidence which supports the Commission’s order of reversal does not possess that quality of relevancy or preciseness as might be required in a strictly judicial proceeding, such is not necessarily required in hearings conducted by administrative agencies in their performance of quasi-judicial functions. Whether on the evidence this court would have reached a different conclusion is immaterial. From our review of the record we are unable to agree with petitioner that the testimony and evidence on which the Commission relied to find that petitioner had failed to carry the burden of proof cast upon it to sustain its position is so infected with such a degree of vagueness or irrelevance as to invalidate the findings and conclusions reached.
For the reasons hereinabove set forth, and upon the authorities cited, the writ is quashed and the petition dismissed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. U. S. Casualty Co. v. Maryland Casualty Co. (Fla.1951), 55 So.2d 741.

. DeGroot v. Sheffield (Fla.1957), 95 So.2d 912, 916.

. Florida State Board of Dental Examiners v. Feinglass (Fla.App.1964), 166 So.2d 686, 688.

. Florida Rate Conference v. Florida Railroad & Public Utilities Commission (Fla.1959), 108 So.2d 601.

. 1 Fla.Jur. 336, 337, Administrative Law, § 120; Tropical Park, Inc., v. Ratliff (Fla.1957), 97 So.2d 169, 177.