289 So.2d 412 (1974)
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DIVISION OF HEALTH, Petitioner,
v.
CAREER SERVICE COMMISSION OF THE STATE OF FLORIDA DEPARTMENT OF ADMINISTRATION and Raya E. Tew, Dismissed Employee, Respondents.
No. 73-605.
District Court of Appeal of Florida, Fourth District.
February 8, 1974.
*413 James G. Mahorner, Gen. Counsel, Fla. Dept. of Health & Rehabilitative Services, Div. of Health, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and Stephen F. Dean and William R. Hanley, Asst. Attys. Gen., Tallahassee, for respondent-Career Service Commission, Fla. Dept. of Administration.
Matthew C. Russell, Riviera Beach, for respondent-Raya E. Tew.
MAGER, Judge.
Pursuant to the provisions of F.S. Section 120.31, F.S.A., of the Florida Administrative Procedure Act, the Florida Department of Health and Rehabilitative Services, Division of Health, petitioner (hereinafter referred to as Department), filed a petition for certiorari seeking to review an order of the Career Service Commission of the State of Florida Department of Administration, respondent (hereinafter referred to as Commission). The order, dated April 19, 1973, was issued as a consequence of an appeal taken to the Commission by one Raya E. Tew, respondent, seeking to review her dismissal by the Department from employment as a registered nurse.
*414 A detailed recitation of the circumstances surrounding respondent's dismissal is not essential to the disposition of the petition. Suffice it to say, the Commission did not uphold the Department's action terminating respondent but, instead, took other disciplinary action as hereinafter set forth:
"Based on the foregoing findings of fact and conclusions it is the opinion of this Commission that the Agency failed to prove conclusively that the Appellant did fail and refuse to carry out the doctor's order relating to the care of his patient, even though the Appellant admitted that she questioned the propriety of such orders; that some disciplinary action should be taken against Appellant due to her attitude and her affirmation that she disagreed with and did not want to comply with the doctor's orders, which this Commission feels was mainly due to an error in judgment on the part of Appellant, but for which she should receive some punishment; however, the Commission is of the opinion that the action of dismissal taken by the Agency was too harsh and severe. Accordingly, it is
ORDERED that the Appellant shall be suspended, without pay, for thirty (30) days, beginning November 18, 1972, to and including December 17, 1972. It is further
ORDERED that Appellant be reinstated to her former class of position with the Department of Health and Rehabilitative Services with full back pay and all rights and privileges of a Career Service employee, retroactive to December 18, 1972." (Emphasis added.)
The Department, in urging that the order be quashed, contends that the Commission erred: (a) when it placed the burden of proof upon the employing authority; (b) when it measured the degree of proof by which a case must be established using a standard of "conclusiveness"; (c) when it ordered full back pay for the respondent without a reduction of monies which respondent allegedly earned during the period of her discharge; (d) when it failed to issue its written opinion within thirty days from the date of hearing as prescribed by law.
Upon consideration of the foregoing we are of the opinion that the Commission erred in several material respects and its order should be quashed.

BURDEN OF PROOF
First, as to contention (a), we are of the opinion that the burden of proof is "on the party asserting the affirmative of an issue before an administrative tribunal". 1 Fla.Jur. Administrative Law § 120; 2 Am.Jur.2d Administrative Law § 391. As reflected in F.S. Section 110.061 (1), F.S.A., "Any employee who has permanent status in the career service may only be terminated for cause by the agency or officer by whom he is employed ...". Where an agency terminates an employee for certain stated grounds, reason, logic and the law would require that the agency affirmatively carry the burden of proving the essence of its allegations. While this burden never shifts, the proof presented may give rise to a presumption in the establishment of the case so that the burden of moving forward with the presentation will shift to the party resisting the affirmative action of the agency. See 2 Am.Jur.2d, supra, Sec. 391. Cf. State ex rel. Hawkins v. McCall, 1947, 158 Fla. 655, 29 So.2d 739.[1] See also In *415 re Estate of Carpenter, Fla. 1971, 253 So.2d 697.
The fact that the aggrieved employee must initiate the hearing before the Commission or that such action is denominated as an "appeal" does not alter the proposition that the burden of proving the basis for termination rests with the employing agency. See F.S. Sec. 110.061(1), F.S.A., supra. In this respect, therefore, the Department's contention must fall and the position of the Commission is sustained.

DEGREE OF PROOF
Turning now to contention (b) concerning the degree of proof, i.e., what criteria should be utilized by the reviewing authority in evaluating the sufficiency of the agency's evidentiary presentation, we are of the opinion that the yardstick should be: preponderance of the evidence.[2] We adopt and quote with approval the following comments contained in 2 Am.Jur.2d, supra, sec. 392:
"As a general rule the comparative degree of proof by which a case must be established is the same before an administrative tribunal as in a judicial proceeding  that is, a preponderance of the evidence. It is not satisfied by proof creating an equipoise, but it does not require proof beyond a reasonable doubt.
"Some statutes specifically provide for a greater or lesser degree of proof than simple preponderance."
In the opinion and order under review herein, the Commission found "that the agency failed to prove conclusively ..." the substance of its charges. It is impossible to ascertain what the Commission's intention was in utilizing the word "conclusively". Certainly, reason and logic suggests that the Commission had some purpose in view; we cannot ascribe to the Commission that its use of the word "conclusively" was meaningless.
It would appear that the Commission undertook to measure the Department's presentation by a standard more severe than is generally applicable to civil and administrative proceedings. Whether the Commission would still have arrived at the same conclusion utilizing the standard of "preponderance of the evidence" is sheer speculation. The requirement of "conclusive" proof was erroneous.

BACK PAY
With respect to contention (c) that the Commission erred in ordering "full back pay" without authorizing a reduction of monies which respondent may have earned in other employment during the period of her dismissal, we find such contention to be without merit. Section 110.061 (3) provides:
"(3) The career service commission may order the reinstatement of an employee, with or without back pay, which order shall be binding on the agency or officer concerned. The action of the commission shall be in writing and shall be *416 served on the parties to such appeal either in person or by mail."
We have not been shown nor are we aware of any statute or rule requiring the Commission to mandatorily reduce the back pay of a reinstated employee as a result of other earnings. It rests within the sound discretion of the Commission, when reinstating an employee, to do so "with or without back pay". If the Commission is of the view, based upon the evidence before it, that the employee is not entitled to back pay (whether such determination be based upon "other earnings" or some other factors) it would be authorized to so conclude. Conversely, if the Commission because of the evidence before it determined that a reinstated employee was entitled to full back pay it could also so order.
Whether or not the Commission's order reinstating an employee "with or without back pay" is erroneous would be dependent upon the presence or absence of evidence to support either determination measured by whether such determination constituted an abuse of discretion. The Department has failed to demonstrate that it was otherwise precluded from presenting evidence bearing upon the mitigation of damages or that the Commission in considering such evidence abused its discretion in ordering "full back pay" for the respondent. Both the Department and the Commission agree that no evidence was introduced concerning the amount of any monies earned by respondent except unemployment compensation. Furthermore, neither the amount of the payments nor the exact period of their receipt was forthcoming.
As heretofore indicated, the burden of proof is on the party asserting the affirmative of the issue; consequently, the burden of introducing evidence regarding an employee's earnings for the purpose of mitigating damages rests upon the employing authority, in this case, the Department. Under the applicable statutes and rules the employing agency can ascertain from the employee any amount earned during the affected period. See Rule 22A-10.05D6, Fla. Administrative Code, and F.S. Sec. 120.25, F.S.A.

DECISION OF COMMISSION  TIMELINESS
Finally, there is merit to contention (d) regarding the timeliness of the decision as it relates to back pay. Sec. 110.061(2)(c) provides:
"The commission shall, within thirty days after hearing such appeal, make its finding and decision, copies of which shall be transmitted to the employee, the employing agency concerned, and the department." See also Rule 22A-10.07, Fla. Adm.Code.
The hearing in question was conducted March 9, 1973; the Commission's "opinion and order" was dated April 19, 1973, some 41 days later. The Department contends that the above quoted provisions create a mandatory requirement so as to preclude back pay for that period extending beyond the thirty days. In other words, where back pay is ordered retroactive to the time of termination, the date to measure the extent of such back pay would be the date of the Commission's order but not to exceed thirty days after the hearing of the appeal.
The Commission points out that in a letter dated April 5, 1973, it advised the Department and the respondent of its "finding and decision". The Commission contend that there is no requirement for the entry of a formal order and opinion within the thirty day period, but merely that the Commission "make its finding and decision" within that period, which the Commission states is reflected by the letter of April 5. This contention however does not speak to the timeliness of the Commission's decision as it would relate to back pay.
*417 With respect to the letter of April 5, 1973, a reading of the above cited statute and applicable rule contemplates the issuance by the Commission of a written order within "thirty days after hearing such appeal"; the order being of such a nature as to contain the Commission's "finding and decision". A letter signed by the Division of Personnel indicating the action which the Commission has taken or proposes to take does not comply with the requirements of the aforementioned statute and rule.
Furthermore, a reading of the aforementioned statute in light of its intent and purpose leads us to conclude that the statute should be construed as mandatory rather than directory in nature. See 50 Am.Jur. Statutes Sections 23-26, pages 46-49. As such, a rule of strict compliance is ordinarily regarded as being particularly applicable. As observed in 50 Am.Jur., supra, sections 23, 25 and 28, at pp. 46, 48, 49 and 50:
"In many cases, statutory provisions as to the precise time when a thing is to be done are not regarded as of the essence, but are regarded as directly merely. This rule applies to statutes which direct the doing of a thing within a certain time without any negative words restraining the doing of it afterwards. Thus, where a statute prescribes a time within which a public officer is to perform official acts affecting the rights of others, the general rule is that it is directory as to the time, unless from the nature of the act the designation of time must be considered a limitation on the power of the officer. There are cases, however, in which statutory provisions as to time are regarded as mandatory.
* * * * * *
"... On the other hand, statutory provisions which relate to matters of substance, affect substantial rights, and are the very essence of the thing required to be done, are regarded as mandatory.
* * * * * *
"... Words or phrases which are generally regarded as making provision mandatory, include `shall,' and `must.' ..."
Since it appears that the legislature intended to establish a mandatory requirement for the entry and issuance of the Commission's findings and decisions, it is our opinion that insofar as the question of back pay is concerned, the Commission would not be authorized to order back pay beyond the thirty day period within which it must render its decision. No suggestion is made nor should it be inferred that any order entered by the Commission beyond the thirty days is either void or voidable; our comments with respect to such order are directed solely to the issue of back pay beyond the thirty day period prescribed by statute. If the Commission finds that the thirty day time limit is impractical and unworkable, consideration should be given to seeking amendatory legislation that would provide the degree of relief which the Commission desires.
Having concluded that the standard by which the Commission evaluated the Department's evidence was erroneous and in light of this court's pronouncement directly affecting appeal proceedings, a new hearing should be conducted. Accordingly, the order and opinion of the Commission is quashed and the cause remanded to the Commission for further proceedings not inconsistent with this opinion.
Certiorari granted.
OWEN, C.J., and WALDEN, J., concur.
NOTES
[1] F.S. Sec. 110.061(2)(a), F.S.A., provides that:

"The department shall establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion and dismissal of employees in the career service for cause and for the investigation and hearing of appeals by the career service commission on such actions."
In furtherance of the foregoing Rule 22A-10.06H, Florida Administrative Code, was promulgated, which vests the chairman of the Commission with the authority to "have control of the proceedings and shall take whatever action is necessary to insure an equitable, orderly and expeditious hearing." Except for the foregoing we are not aware of any pertinent statute or rule relating to the allocation of the burden of proof. Without commenting on whether the allocation of the burden of proof could be altered either by statute or rule, we would seriously doubt that it was the intent of the Commission in the adoption of 22A-10.06H to vest the chairman with the authority to make such a determination.
[2] There is a distinction between the standard by which an administrative tribunal measures the proof presented to it, i, e., preponderance of the evidence, and the standard by which a reviewing court measures the correctness of an administrative order under review, i.e., competent substantial evidence. See De Groot v. Sheffield, Fla. 1957, 95 So.2d 912, 916. The functions of the two tribunals are dissimilar and the standards are not interchangeable. Cf. State Dept. of Agriculture & Con. Serv. v. Strickland, Fla.App. 1972, 262 So.2d 893.