NATHAN, Judge.
This is an appeal by the Board of Trustees, City Pension Fund for Firemen and Policemen in the City of Miami Beach, from an order of the Circuit Court granting a writ of certiorari and remanding the cause to the Commissioners of the City of Miami Beach, with instructions to grant petitioner’s application for a disability pension.
Ernest W. Sistrunk, petitioner, has been employed as a policeman for the City of Miami Beach for sixteen years. The evidence shows that he had a pre-existing eye condition which he alleges was unknown to him when he was hired; that he had no disability or problems prior to his 1966 accident in the line of duty and that* there occurred two incidents of trauma to his eyes in the line of duty supported by medical records, which either caused or aggra *406 vated his eye condition. The evidence is undisputed that the petitioner is suffering from a permanent impairment to his eyes, rendering him permanently and totally disabled. There is conflicting medital testimony as to the nature of the disease. There is no substantial or competent evidence that petitioner would have been permanently disabled regardless of the aggravation. Sistrunk’s application for a service-incurred disability pension was denied by the Board on October 4, 1972, in a letter to Sistrunk’s attorney, giving no reason for denial of the application for disability. Petitioner then filed a petition for writ of certiorari in the circuit court which was granted by order of January 22, 1974, quashing the Board’s denial of the pension application and remanding the cause to the Board with directions to grant said application. Upon denial of rehearing, the Board filed the instant appeal, alleging, in essence, that there is no authority for payment to members for a permanent and total disability incurred in the line of duty where there is a pre-existing condition, and for this reason, the Board denied Sis-trunk’s application. We note that the Pension Act is silent as to pre-existing condition.[1] On appeal the Board contends that the circuit court erred in granting the petition for certiorari because it did not have the authority to try the cause de novo on the petition, particularly because in review on certiorari, the reviewing court may not substitute its judgment for that of the administrative agency, nor its own conclusion, even if the agency’s findings were based upon conflicting evidence and even though the court itself might have reached a different conclusion on the same evidence.
On certiorari the sole function of the reviewing court is that it “ . merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law.” De Groot v. Sheffield, Fla.1957, 95 So.2d 912, 916.[2]
It is the opinion of this court that since there is no provision in the Pension Act for pre-existing condition and since there was no substantial competent testimony that petitioner would have had the permanent disability absent the incidents in the line of duty, the judgment of the trial court is affirmed.
Affirmed.

. The section of the Pension Act governing policemen or firemen employed by the City of Miami Beach herein involved is Section VII, titled, “Service and Disability Benefits,” which provides:
“(A) The Board shall, upon application retire members meeting any one of the following requirements:
(3J Permanent and total disability, incurred in line of duty in the Police or Fire Department, or in the Unclassified Service as provided in Section 23, hereof, irrespective of the number of years of service.”

. See also Florida State Board of Dental Examiners v. Graham, Fla.App.1966, 187 So.2d 104, 106; State Department of Agriculture and Consumer Services v. Strickland, Fla.App.1972, 262 So.2d 893, 894; In re Estate of Kant, Fla.1972, 272 So.2d 153, 155; 1 Fla.Jur.1974 Supp., Administrative Law § 181; and the dissenting opinion in the very recent case of Allstate Mortgage Corporation of Florida v. City of Miami Beach, Fla.App., 308 So.2d 629, opinion filed January 21, 1975.