REVISED OPINION

PEARSON, Judge.
The City of North Miami Beach and its Retirement Committee have brought this appeal from a judgment of the circuit court which overturned an order of the Retirement Committee. The judgment appealed was entered pursuant to James P. Flora’s petition for certiorari to review the order of the Retirement Committee denying him disability retirement pay. The trial judge found that there was no competent and substantial evidence before the Retirement Committee to sustain the Committee’s denial of Flora’s application for benefits. Upon our review of the record, we hold that it does not support the trial judge’s conclusion. We find the record before the Retirement Committee sufficient to sustain its findings. Therefore, we reverse the final judgment in certiorari and remand the cause with directions to dismiss the petition.
James P. Flora sustained back injuries while in active military service. He was treated for these injuries in Veterans Administration hospitals. He entered employment as a policeman for the City of North Miami Beach on September 1, 1965. At that time, he passed the physical tests required but did not fully state the extent of his treatments by the Veterans Administration.
The fund from which Flora is claiming a full disability pension is a retirement system maintained by the City of North Miami Beach and is known as the “Employees’ Pension and Retirement Fund.” Flora noted his intention to participate in the fund at the time that he began his employment with the City. The plan provided that no employee was eligible for *14 membership in the fund until such person . . completes two years of credited service . . . ” as an employee of the City of North Miami Beach.
On June 22, 1967, less than two years after Flora began employment, he was injured in the line of duty as a policeman when he was assisting in the admission of a mental patient to North Miami Hospital. Specifically, Flora alleged that he was thrown against a corner of a wall and that as a result of this accident he acquired his back condition. He was relieved of duty on a year’s disability leave with pay, and on June 7, 1968, almost a year later, he presented his claim for total disability.
The City denied disability retirement pay to Flora on two grounds. The first was that Flora was not eligible for retirement benefits because, at the termination of his service due to the injury, he had not been an employee for two years. The second ground was that Flora was not entitled to retirement benefits because the medical evidence showed that Flora’s disability was caused by the serious back injury which he suffered in the Army. After numerous hearings, the Committee found that Flora was not entitled to retirement benefits. The record of the proceedings before the Committee shows the reports of the three doctors who examined Flora pursuant to the procedures set forth in the retirement plan. Two of the doctors found that Flora’s disability resulted from the previously-existing back condition.
After receiving the decision of the Committee, Officer Flora filed his petition for certiorari in the circuit court. The Committee did not furnish a complete record to the circuit judge. If the trial judge had found that the record was so incomplete that Flora’s petition was jeopardized, he could have ordered a rehearing before the Committee with directions to make a competent record. The trial judge decided, however, that the record was complete enough for him to reach a conclusion as to whether the record supported the Committee’s action. The conclusion he reached was that the Committee’s findings were not supported by the record, upon which the judge then reached a contrary finding.
On this appeal, the City urges substantially the same position that it urged before the Committee and the circuit judge, that is, that Flora was not eligible for retirement benefits because he had not been employed two years, and that the decision of the Committee was supported by the doctors’ reports. The trial court, reviewing the Committee’s decision, was not entitled to re-weigh and re-evaluate the evidence. Osceola Fruit Distributors v. Mayo, Fla.App. 1959, 115 So.2d 760, and State Beverage Department v. Bernal, Inc., Fla.App.1959, 115 So.2d 566. Cf. Board of Trustees v. Sistrunk, Fla.App.1975, 310 So.2d 405.
We hold that reversible error is demonstrated because the trial judge incorrectly substituted his judgment for that of the Committee in a matter upon which there was conflicting evidence and upon which the Committee, as the trier of fact, was entitled to make the decision. Cf. Bailey v. Van Pelt, 78 Fla. 337, 353, 82 So. 789 (1919).
It is not necessary to quote from the statements of the physicians delivered to the Committee. It is necessary only to point out that these statements were the result of the medical examination of the applicant Flora. Two of the three doctors reached the conclusion that the disability was caused by the preexisting injury. These medical findings in themselves appear to be sufficient for the Committee to reach the conclusion that Flora was not entitled to total disability payments from the City retirement system.
Officer Flora urges that these evi-dentiary reports were not sufficient because he actually carried on the duties of a policeman from the date of his employment to the date of his injury. It is thereupon *15 argued that it must have been the injury which caused the disability. We think that this conclusion does not follow. In some areas of the law, an employer must accept the employee in the physical condition that he is in at the time of hiring, but this is not true when the purported rights result from a written contract. One of the conditions of the contract under which Flora is claiming is that the total disability must be caused by an in-service accident. For these purposes, it is not sufficient that an in-service accident triggered the disability. Under the terms of the contract, the disability must be caused by the in-service accident. Here, the reports of the two doctors are to the effect that the aggravation to Flora’s preexisting condition was sufficient to accelerate the condition until it caused disability, and that the condition existed at the time of his employment and during his term of service.
Essentially, we are dealing with a medical question that had to be decided by the trier of fact upon the medical testimony before it. Here, that testimony was against Flora, and the Committee had the right to accept that testimony. We, therefore, conclude that the trial judge improperly reached the conclusion that the Committee had departed from the essential requirements of law.
Having made the determination that based on the evidence before the Committee, the judgment was improperly entered, it is not necessary for us to determine the eligibility of Flora to participate in the system. Nevertheless, we think that it is important to point out that if the answer to that question were necessary for a decision, we would hold that Flora was not, at the time of his injury, an eligible member of the retirement plan. The passage of time while Flora was not on duty, but receiving disability payments, was not sufficient to meet the “two years of credited service” requirement necessary for participation in the plan. The fact that the City, in September of 1967, began to deduct for the plan does not amount to a waiver of the Officer’s ineligibility because there is nothing in this record to show that the deductions were made with the knowledge of the Committee or of those responsible for the proper administration of this system. Wilds v. Permenter, Fla.App.1969, 228 So.2d 408.
For the reasons stated, the final judgment in certiorari is reversed and this cause is remanded to the trial court with directions to dismiss the petition.
Reversed and remanded with directions.