361 So.2d 208 (1978)
Billy H. SHEPARD, Appellant,
v.
DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellee.
No. II-356.
District Court of Appeal of Florida, First District.
July 25, 1978.
Rehearing Denied August 28, 1978.
Roderic G. Magie of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
Stephen S. Mathues and Nancy G. Linnan, Arthur R. Shell, Jr., Tallahassee, for appellee.
SMITH, Judge.
Shepard, whose employment by the Santa Rosa County sheriff was terminated in February 1977, petitions for review of an order of the Retirement Commission denying him disability retirement benefits. The question before the Commission, was whether Shepard was "totally and permanently disabled," Section 121.091(4)(a), Florida Statutes (1977), that is to say, whether he was then "prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee." Section 121.091(4)(b).
*209 Shepard was a 40 year-old deputy sheriff with 2.4 years of creditable service. His employment was terminated because a cervical injury, received in subduing a criminal suspect, made it dangerous for him to engage in physical combat. There was no medical or other evidence suggesting that Shepard was, in the ordinary sense of the words, "totally and permanently disabled." Though Shepard was disabled to perform the particular combative duties to which he had previously been assigned, he remains able to perform other duties of public employment within the Retirement System. That his particular employer required all employees to perform combat duties does not qualify Shepard for disability retirement benefits. It is not his physical condition but his former employer's job description which prevents Shepard from rendering useful and efficient service in that employment.
Reversal of the Retirement Commission's decision would result in Shepard receiving disability benefits while remaining eligible for other employment as an "officer or employee" member of the Retirement System. Thus, while earning a salary for other useful and efficient service, thereby gaining additional years of creditable service toward another pension from the same system, Shepard would be paid benefits as one disabled. We will not attribute such a purpose to the legislature. An applicant for disability retirement benefits need not prove that his medically determinable disability prevents him from undertaking the most menial or insignificant job within the system far distant from his home; but Shepard, having no medically determinable disability rendering him unfit for decent work available to one of his qualifications at a reasonably convenient place, does not qualify for these extraordinary benefits. See Amico v. Division of Retirement, 352 So.2d 556 (Fla. 1st DCA 1977).
AFFIRMED.
BOYER, Acting C.J., and BOOTH, J., concur.