MOORE, Judge.
This case involves a petition for writ of certiorari in which the petitioner, The Police Pension Board of the City of Hollywood (Board), seeks our writ quashing an order of the circuit court acting in its review capacity. 'We deny certiorari.
The respondent, John Gaines, filed an application with the Board for permanent disability pension benefits as the result of injuries incurred in the line of duty. The Board denied his application and an appeal was lodged in the circuit court. The court reversed the Board’s decision, finding that it was not supported by competent substantial evidence and that it did not comply with the essential requirements of law. The Board was ordered to grant the respondent’s application for a disability pension because he was permanently incapacitated for regular and continuous duty as a police officer.
The issue before us is whether the circuit court, in its appellate capacity, acted in accordance with the essential requirements of law and afforded the Board due process of law. See, City of Winter Park v. Jones, No. 79-1803 (Fla. 5th DCA October 1, 1980). The Board contends that the court departed from the essential requirements *678 of law by reweighing the evidence and by adopting, as controlling precedent, the decision in Board of Trustees v. Sistrunk, 310 So.2d 405 (Fla. 3rd DCA 1975). We disagree.
After undergoing surgery for a herniated disc in his back, Gaines was employed by the City of Hollywood as a police officer. He served several years during which he incurred new injuries to his back and he applied for permanent disability benefits, contending that the new injuries caused his permanent disability. A three member medical board found Gaines “totally and permanently disabled with respect to the job description” and further found that he suffered “an aggravation of a pre-existing condition, estimated to be 10% related to new trauma and 90% secondary to trauma sustained before becoming a member of the Hollywood Police Department.” A fourth doctor could not determine the relative percentages of causation but did determine that Gaines “cannot return to street duty as a patrolman now or ever”. In pertinent part he reported:
[B]y history the patient had been doing quite well prior to his initial subsequent injuries which occurred in the line of duty. The initial injury and subsequent injuries caused progressive problems in his back warranting back surgery. I feel that it is impossible medically to determine specifically, e. g. of ninety percent (90%) versus ten percent (10%), fifty percent (50%) versus fifty percent (50%) of how much of the patient’s problem is due to what was present prior to him being present on the Hollywood Police Force and what occurred since. I can definitely state that it is within reasonable medical probability that if the patient had not sustained the injuries that he sustained while working on the Hollywood Police Force he would be in a position today to continue his normal activities and would not have required surgery that he did in fact require. (Emphasis added).
The pension act of the City of Hollywood does not provide for any consideration of the aggravation of pre-existing physical injuries as determinative of the issue of permanent disability. The act does provide that any police officer who received a medically substantiated, service connected injury, disease or disability, which permanently incapacitates him, shall be entitled to a disability pension. After considering the above evidence, and the criteria for pension disability, the Board denied Gaines’ application for pension, finding his disability to be neither service connected nor total.
As in Sistrunk, Id., we hold that since the pension act made no provision for pre-existing conditions, and since there was no substantial competent evidence that Gaines would have had the permanent disability in the absence of the injuries incurred in the line of duty, the circuit court was eminently correct. It is obvious that the court did not reweigh the evidence. Rather, it explicitly found a total lack of evidence to support the Board’s decision. It was undisputed that Gaines was permanently disabled and that prior to the trauma which he suffered in the line of duty he was able to perform his duties. The sole issue, therefore, was the legal effect of his pre-existing condition. That was a matter of law and Sistrunk, Id., was correctly applied.
The Board’s reliance on City of North Miami Beach v. Flora, 315 So.2d 12 (Fla. 3rd DCA 1975) is misplaced because Flora is distinguishable. Flora was apparently employed pursuant to a contract which required that total disability must be caused by an in-service incident. There was evidence that Flora’s disability was caused by a back injury he had received in the Army and not by the aggravation to the injury. Notwithstanding these distinguishing characteristics, we acknowledge a degree of conflict between Flora and Sistrunk. To the extent that they differ we hold that Sis-trunk presents the better view.
The Board’s final argument is that Gaines was not totally disabled because there was evidence that he could perform desk duties. This position is refuted by the evidence that he was terminated from all duties on the day his disability application *679 was denied. An employing authority which terminates an employee because of a disability is estopped from contending that the disability is not total. See, Nuce v. Board of Trustees, 246 So.2d 610 (Fla. 3rd DCA 1971). But cf.: Shepard v. Dept. of Admin., Div. of Retirement, 361 So.2d 208 (Fla. 1st DCA 1978) (determining total disability requirements under the Florida Retirement System).
Accordingly, the circuit court did not depart from the essential requirements of law. The petition for writ of certiorari is denied.
CERTIORARI DENIED.
DOWNEY and BERANEK, JJ. concur.