BOOTH, Judge.
This cause is before us on appeal from a final order of the State Retirement Commission (Commission) denying appellant’s application for disability retirement benefits. The issue presented is whether the Commission erred in ruling that appellant is not totally permanently disabled. Section 121.091(4)(b), Florida Statutes.
The order of the Commission herein sought to be reviewed is, in pertinent part, as follows:
The Petitioner, James E. Mauldin, is a 44-year old male who has been employed by the Florida Department of Transportation for over 18 years. In June, 1978, while shoveling dirt from a roadway, the Petitioner felt a pull in his back and he experienced back pains thereafter. His last day at work actually on-the-job was on January 26, 1979, after which he was placed in the status of administrative leave without pay and he has remained in that status ever since. The Petitioner has approximately 18.5 years of creditable service with the Florida Retirement System....

The Commission finds that the Petitioner has failed to prove either by a preponderance of the evidence, or by the greater weight of the evidence, or even by competent substantial evidence, that he was totally and permanently disabled as of January, 1979, or at any time thereafter. The overwhelming medical evidence in the record is that the Petitioner was not totally and permanently disabled from rendering useful and efficient service as an officer or employee as of January, 1979, or at any time subsequent thereto.
Medical experts testified that appellant sustained a herniated disc at L-5, S-l, and concurred in the view that his condition is permanent. All medical experts concurred in the view that appellant could only work within stated permanent limitations. Dr. Scharf, an orthopedic surgeon, testified that appellant was employable in a sedentary job with the following permanent restrictions: no prolonged sitting, standing, or lifting of more than 20-25 pounds. Dr. Landrum, a general practitioner, agreed with Dr. Scharf’s diagnosis and with the limitations imposed by Dr. Scharf. He filed his report stating: “Patient is permanently disabled from gainful employment.” *334 Dr. Cauthen, a neurological surgeon, although he did not review the diagnostic test results of Dr. Scharf, testified that appellant “would be able to work in a job not requiring prolonged driving or lumbar exertional stress,” and that appellant should permanently “avoid lifting weights over 40 pounds on a repetitive basis; that he should avoid prolonged driving of vehicles, or long sitting, stooping or bending.” Dr. McCrae’s physician’s report stated that appellant was totally disabled from active employment.
Appellant tried to return to work at least four times. On January 27,1979, appellant was placed on administrative leave without pay. His job at DOT required him to drive as much as 200 miles a day. This prolonged sitting aggravated his back injury, but DOT was unwilling to rehire him in any capacity within the limitations imposed upon him by Dr. Scharf. Appellant consulted with the Florida State Employment Service, where he was told that his physical limitations would preclude him from working with any State agency. Appellant also testified that he had not applied for work outside the State system because he was afraid he would lose his retirement benefits. Mr. Jeff Yarborough, Director of the Northern Florida Department of Rehabilitation, testified that he was not able to find a job opening for the appellant after performing a lay market survey but felt appellant could perform some jobs, such as fire control dispatcher, cashier, driver’s license examiner, inspector of mobile homes, or right-of-way agent, although he had not studied the job descriptions for each of these positions.
Section 121.091(4)(b), Florida Statutes, defines total and permanent disability as follows:
Total and permanent disability. A member shall be considered totally and permanently disabled if, in the opinion of the administrator, he is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee. The decision of the administrator on this question shall be final and binding.
Appellant has the burden of proof that he is totally and permanently disabled. Florida Department of Health and Rehabilitative Services v. Career Service Commission, 289 So.2d 412 (Fla. 4th DCA 1974). The testimony established, and the appellee concedes, that the appellant’s injury is permanent. Therefore, the Commission’s denial can only be sustained if based on evidence that petitioner was not totally disabled from “rendering useful and efficient service as an oofficer or employee.” In this regard, we note that the State, acting through the Department of Transportation, has refused to rehire the appellant on the basis that the physical limitations imposed upon him by his physicians rendered him unfit for any job. On the other hand, the State, acting through the Division of Retirement, has found that the appellant is not totally and permanently disabled and is therefore ineligible for retirement benefits. This finding implies that the appellant could render useful and efficient service in the State system.
In Police Pension Board, City of Hollywood v. Gaines, 389 So.2d 677 (Fla. 4th DCA 1980), the City Pension Board denied disability pension benefits to a policeman on the ground that the officer was not totally disabled because evidence indicated-that he could still perform desk duties. The circuit court reversed, holding that the Board’s position was refuted by the fact that the officer was terminated from all duties on the day his disability application was denied. The court stated that, as a general rule “[a]n employing authority which terminates an employee because of a disability is estopped from contending that the disability is not total.” Id. at 679.
We decline to apply an estoppel theory against the State in this case. However, the evidence that appellant’s employer, with many varied types of jobs available, refused to hire him with the physical limitations imposed by the physicians on the ground that he was unfit for any job is evidence properly considered and does sup *335 port appellant’s claim for retirement benefits. This evidence, together with the medical and lay testimony presented, clearly supports the award of retirement benefits and, since we find that the contrary conclusion made by the Commission is not supported by competent, substantial evidence, that conclusion is reversed.
In this regard, we note that the parties disagree as to whether the terminology “useful and efficient service” found in Section 121.091(4)(b), Florida Statutes, refers to useful and efficient service within the State Retirement System or outside of the system. Appellant contends that the use of the words “officer or employee” in the statute indicates that it is disability from employment within the system that is intended. This construction is consistent with the language of the statute and accords with this court’s holding in Oller v. Division of Retirement, 415 So.2d 801 (Fla. 1st DCA 1982), wherein it was stated that “[sjection 121.091(4)(b) does not provide total disability retirement for an officer or employee who is capable of performing useful and efficient service within the state system.” (emphasis added).[1]
The evidence shows that the appellant is totally and permanently disabled as defined in Section 121.091(4)(b), inasmuch as the appellant’s permanent physical injury, with its attendant physical limitations, prevents him from rendering useful and efficient service as an officer or employee within the State system, and there is no competent, substantial evidence to support the Commission’s conclusory order to the contrary. Accordingly, the order of the State Retirement Commission is reversed and remanded for proceedings consistent with this opinion.
SHIVERS and JOANOS, JJ., concur.

. Accord, Shepard v. Department of Administration, Division of Retirement, 361 So.2d 208 (Fla. 1st DCA 1978), wherein a deputy sheriffs employment was terminated because of an injury which made it dangerous for him to engage in physical combat. Disability retirement benefits were denied, and this court affirmed, noting that it was only a particular job description requiring physical combat from which Shepard was disabled and that it was that particular job description from which he was rendered disabled while he remained eligible for other employment as a member of the State Retirement System. In that case, the court held:
An applicant for disability retirement benefits need not prove that his medically determinable disability prevents him from undertaking the most menial or insignificant job within the system far distant from his home; but Shepard, having no medically determinable disability rendering him unfit for decent work available to one of his qualifications at a reasonably convenient place, does not qualify for these extraordinary benefits.