SMITH, Judge.
In the proceedings brought below by the Division of Retirement (Division) to terminate Hissom’s entitlement to disability retirement benefits, Section 121.-091(4)(e), Florida Statutes (1981), the State Retirement Commission (Commission) determined that the Division has the burden of proving that a retiree has regained the ability to render “useful and efficient service” in a “regularly established position” within the Florida Retirement System, and not merely that a retiree has the ability to engage in some form of employment outside the system. We agree with this inter *245 pretation of Section 121.091(4)(e) by the Commission in the context of a termination proceeding, finding it consistent with this court’s decisions in Oller v. Division of Retirement, 415 So.2d 801 (Fla. 1st DCA 1982), and Mauldin v. State, Department of Administration, Division of Retirement, 468 So.2d 332, 335 (Fla. 1st DCA 1985). Taken together, Oiler and Mauldin stand for the proposition that the “useful and efficient service” standard, referring to useful and efficient service within the Florida Retirement System, applies both to initial applications for disability retirement benefits as well as to termination proceedings. We further find that the Division failed to carry its burden to establish grounds for termination under the standard, and that the Commission correctly applied its interpretation of Section 121.-091(4)(e) to the facts of this case to reject the Division’s decision to terminate His-som’s disability retirement benefits. Accordingly, the final administrative order appealed from is affirmed.
AFFIRMED.
MILLS and THOMPSON, JJ., concur.