PER CURIAM.
We affirm the final declaratory decree under review upon a holding that (1) substantial, competent evidence was adduced below upon which the trial court could have concluded that the appellant Sharon L. Hampton, a former Miami police officer, was not permanently and totally disabled and therefore was not entitled to a disability retirement pension, Pompano Beach Police & Firemen’s Pension Fund v. Franza, 405 So.2d 446, 447 (Fla. 1st DCA 1981); Shepard v. Dept. of Admin., Div. of Retirement, 361 So.2d 208, 209 (Fla. 1st DCA 1978); Nuce v. Board of Trustees for the City Pension Fund for Firemen & Policemen in Miami Beach, 246 So.2d 610, 611 (Fla. 3d DCA 1971); City of Opar-Locka v. Woodard, 252 So.2d 852 (Fla. 3d DCA 1971), (2) inasmuch as the appellant was discharged by the City of Miami Police Department solely on the appellant’s own asserted inability to perform the duties of a police officer, no estoppel entitlement to such a disability pension arises under Police Pension Board v. Gaines, 389 So.2d 677 (Fla. 4th DCA 1980), and (3) the appellant has, in any event, waived her right to challenge the denial of her application for a disability retirement pension by not appealing from said denial, see Hammond v. City of Miami, 396 So.2d 237 (Fla. 3d DCA 1981); Franchi v. Florida Dept. of Commerce, Div. of Employment Sec., Bd. of Review, 375 So.2d 1154 (Fla. 4th DCA 1979).
Affirmed.