PER CURIAM.
Claudette Griffin appeals an order of the State Retirement Commission denying her application for disability retirement benefits. We reverse.
Griffin was a school teacher with the Dade County Public School System for nineteen years. As a result of injuries, she became unable to perform the duties of her job and applied for disability retirement benefits.*
The State Retirement Commission heard Griffin’s appeal from the denial of disability retirement benefits by the State Retirement Director. The Commission concluded that Griffin was totally and permanently disabled. It denied benefits, however, based on the determination that her disability resulted from injuries sustained after her employment with the Dade County School Board was terminated. See § 121.091(4)(f), Fla.Stat. (1989). The Commission found that she was terminated in August, 1985.
Griffin contends, and we agree, that the finding regarding her termination date is not supported by substantial competent evidence. Griffin testified that after her injury she was on a leave of absence and was not terminated. She also testified that she had had conversations with the school system about returning to work if her physical condition allowed, and that those conversations occurred after August, 1985. A form completed by the school system in connection with Griffin’s application for benefits contained a question regarding date of termination, and the school system had indicated “not applicable.” The retirement systems specialist testified at the evidentia-ry hearing that she had established the termination date based on the form submitted by Griffin, but the information given by Griffin simply established the last date that she worked, and not a date of termination. Since “[a] leave of absence shall constitute a continuation of the employment relationship,” § 121.021(39), Fla. Stat. (1989), with exceptions inapplicable here, Griffin’s status would not have been that of terminated employee so long as the leave of absence status continued. There must therefore be a new hearing to determine, on a proper record, the correct date of termination. Only at that time will the Commission be in a position to determine whether the series of injuries experienced by Griffin occurred before, or after termination.
Because there must be a new hearing, Griffin will be able to cure the deficiencies which resulted in the exclusion of certain documentary evidence at the last hearing. As to Griffin’s final point on appeal, it may well be that Police Pension Board v. Gaines, 389 So.2d 677 (Fla. 4th DCA 1980), review denied, 397 So.2d 778 (Fla.1981), should apply to this case, but we do not reach that contention at this time. Our ruling is without prejudice to Griffin’s raising the issue on remand.
Reversed and remanded for further proceedings consistent herewith.

 According to the appellee Division of Retirement, such benefits would be over and above such ordinary benefits as she would have under the retirement system by virtue of her years of service.