ROY G. SIMMONS, PROSECUTOR, v. POLICEMEN'S PENSION COMMISSION OF THE BOROUGH OF DEAL, RESPONDENT.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Theodore J. Labrecque* and *Theodore D. Parsons.*

For the respondent, *William A. Stevens* and *Lester C. Leonard.*

The opinion of the court was delivered by

PARKER, J. On May 23d, 1926, the prosecutor, a member of the police force of the borough of Deal, while on duty as a motorcycle policeman, was seriously, and as he claims, permanently injured in the performance of that duty. After a period in the hospital and a furlough on half pay, he went back to duty and found he could not perform it; was asked, and refused, to resign; and finally, on April 25th, 1928, he applied to be pensioned by virtue of the act of 1920. *Pamph.*

*L., p.* 324. The borough authorities declined to take the course provided by that statute, and their refusal led to proceedings in *mandamus,* and a decision in this court requiring the local pension commission to institute and pursue the procedure outlined in section 2 of the statute, and determine whether prosecutor was entitled to retire on a pension. The *per curiam* opinion of this court, setting forth the facts and our conclusions, is unofficially reported in 8 *N. J. Mis. R.* 408. This decision was filed May 19th, 1930. Some fifteen months later, viz., on August 14th, 1931, the commission met, and on October 8th made a written report, finding "that the applicant, Roy G. Simmons, is normal mentally and that physically he is normal except as to an impairment of hearing confined to his right ear and also some impairment of vision, which the physicians testifying in respect thereto, declared might be improved but could not be entirely corrected:" and "that the disabilities which the petitioner may labor under are not such disabilities as would incapacitate petitioner from doing police duty upon the police force, at present in the nature of desk duty or any similar duties on the force where perfect hearing and eyesight are not so essential. For the reasons aforesaid, the application of petitioner for retirement is respectfully denied."

The present writ of *certiorari* is to review this decision by the commission; and on a careful examination of the matter, we conclude that said decision cannot stand.

It was pointed out in our former opinion that the case comes under the second clause of section 2 (*Pamph. L.* 1920, *p.* 325), "where, however, a member of the police or fire department shall desire to retire by reason of injury or disease." We take it that the word "injury" means injury causing "permanent disability in the performance of duty" in the phraseology of the first clause. That there was an injury, incurred in the performance of duty, and that it was very severe, were facts all settled in the former case. See 8 *N. J. Mis. R.* 412. The testimony in that case is returned as part of the present case. Only two questions remained for settlement. Did a permanent disability remain? And if so, was it of the character contemplated in the statute? The

act itself gives no definition of "permanent disability" but the natural meaning in the case of a policeman is that it is such as to incapacitate him from reasonably performing the ordinary duties of a policeman, and similarly in the case of a fireman. Both employments call for full mental, physical and nervous vigor. It is common knowledge that in the larger cities, candidates undergo rigid tests, both mental and physical, and must in the performance of duty be endowed with more than usual strength, skill and endurance, to cope with the exacting duties of their employment. If a policeman is unable to perform the ordinary everyday duties of a policeman, and is permanently unfitted therefor, he is under permanent disability, and it is no answer to say that the statute does not entitle him to retire, because he is able to sit at a desk and make entries in a book. The statute might well provide for such substitute occupation, as in *Lerch* v. *Morgan,* 191 *Iowa* 963; 183 *N. W. Rep.* 578, cited in 43 *C. J.* 816, but it has not done so. We think the theory of our statute is that a fireman is a fireman, a policeman a policeman, and neither a desk clerk; and that a policeman permanently disabled to do his ordinary duty as such and otherwise within the statute is entitled to invoke it.

We think the brief of the proescutor correctly summarizes the evidence when it says: "There was no disagreement among the doctors, but on the contrary, they were in complete agreement to the effect that Mr. Simmons was incapacitated from performing the duties as a policeman of the borough and that he could no longer qualify as a policeman. That he had sustained a loss of seventy-five per cent. of the hearing of his right ear and also a smaller loss in the other ear, they agreed. That he had sustained a permanent injury to the nerves and retina of the eye which permanently impaired his eyesight, they agreed. They further agreed that he had sustained permanent and severe injuries to his brain and nervous system and that these injuries incapacitated him from performing the duties of a police officer."

We conclude, therefore, that the decision of the commission denying the application of prosecutor was erroneous and must be set aside, with costs.