EMMA F. SMITH, GUARDIAN OF WILLIAM J. SMITH, A LUNATIC, RELATOR, v. PENSION COMMISSION OF THE POLICE AND FIREMEN'S DEPARTMENTS OF THE CITY OF ATLANTIC CITY, RESPONDENT.

Submitted October 14, 1932—Decided August 1, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the relator, *Glenn & Glenn.*

For the respondent, *Joseph B. Perskie.*

PER CURIAM.

William J. Smith, now a lunatic, on July 3d, 1926, was appointed a "special temporary policeman" of Atlantic City, without compensation, for a period ending September 30th, 1926. An examination by the departmental surgeon disclosed that he was physically fit. On October 15th, 1926, the employment was terminated. On December 22d, 1926, he was again appointed as a policeman and continued in service until February 13th, 1929, when he was dismissed for derelictions of duty. Relator insists that the misconduct which brought about his dismissal was the result of an impaired mentality due to a head injury alleged to have been suffered by Smith while engaged in the performance of his duty at a fire in the Iroquois Hotel building, in Atlantic City, on April 16th, 1928. Subsequent to his dismissal, Smith enlisted in the United States army, and remained in military services for about one year, when he returned to Atlantic City. On November 19th, 1930, he was committed to the Atlantic County Hospital for the Insane, where he is now confined. It is conceded that he suffers from dementia præcox of a paranoiac type. The medical experts are in agreement that this could not have resulted from the injury claimed to have been sustained at the fire. The cause of this mental condition is not disclosed, and the inference is that it is unknown to medical science. An application for disability pension was presented to the respondent on January 26th, 1931, by Smith's guardian. It is conceded that the application was denied by the commission.

The rule directs the respondent commission to show cause why a peremptory or alternative writ of *mandamus* should not issue, commanding the respondent pension commission "to pay to said relator the amount of pension due to her up to the present time and to place her name upon the roll of pensioners so that she may receive her pension [thereafter] in

accordance with the provisions of chapter 160 of the laws of 1920."

Respondent insists that the application should be denied for the following reasons, viz.: (1) Smith was not a member of the department at the time of the application by his guardian, and (2) the permanent disability alleged must have been received in the performance of duty, and the evidence fails to show that Smith's mental condition resulted from the performance of duty.

We deem it unnecessary to pass upon the questions thus raised. The decision of the question whether the relator was entitled to a pension is committed to the pension commission (*Pamph. L.* 1920, *p.* 324, § 2), and all that this court can direct to be done, by *mandamus,* is that the commission should proceed to consider the question in the manner provided by the statute. The rule to show cause in the instant case is, therefore, too broad, and the applicant is manifestly not entitled to a writ commanding the respondent commission to place her name upon the roll of pensioners. *Simmons* v. *Policemen's Pension Commission of Deal,* 8 *N. J. Mis. R.* 408; 150 *Atl. Rep.* 245. See, also, *Simmons* v. *Policemen's Pension Commission, Deal,* 111 *N. J. L.* 134; 166 *Atl. Rep.* 925. Nor is the applicant entitled to a *mandamus* directing the pension commission to act in the premises. The commission acted pursuant to the statute, and denied the application.

The rule to show cause will therefore be discharged, with costs.