PER CURIAM.
This is an appeal from a final order of the Circuit Court of Dade County granting relief to appellee pursuant to his petition for writ of certiorari.
The Advisory Committee, Opa-Locka Retirement System, after two hearings, denied appellee’s application for retirement. Appellee claimed that he was unable to render useful and efficient services as a police sergeant, and that by reason thereof he was totally disabled within the provisions of City Ordinance 609 establishing the retirement system of Opa-Locka and Ch. 185, Fla.Stat., F.S.A.
The Advisory Committee determined that Sergeant Woodard had not become totally disabled or unable to perform active duty. The committee determined that he could perform the activities of Code enforcement, a job which the city created for him following his illness, and which the committee contended required no strenuous physical activity. The principle duties were to locate and remove abandoned automobiles from the streets of the city.
Sergeant Woodard objected to the duties assigned to him on the grounds, inter alia, that the city had no right to transfer or reassign him from his duties as police sergeant to duties not required of him to be performed under the ordinances and statutes governing the terms of his employment.
Following the denial of his request for retirement, Sergeant Woodard sought review of the decision of the Advisory Committee by petition for writ of certiorari to the Circuit Court of Dade County.
Upon hearing, the Circuit Court granted the petition for writ of certiorari; reversed the decision of tfie Advisory Committee and held that the petitioner was totally and permanently disabled.
The city has appealed. We reverse. The duties required of appellee in the new job status are less than those required of him when he acted as a police sergeant. He was not assigned any new duties as a result of the illness. He was obviously responsible for enforcement of code violations under his old job as a police sergeant. He is not required, under the new job, to perform all the duties formerly required of him as a police sergeant. In Nuce v. Board of Trustees, Fla.App.1971, 246 So.2d 610, we held, “as long as an employee of the City is able to do some of the duties required to be done in his job classification; the employing authority is willing to permit the employee to perform limited duty with no reduction in pay; the employee not being totally disabled to do all of the functions provided for in his classification, he is not entitled to retirement.”
That rule and rationale is applicable here. The final order of the Circuit Court is reversed and the cause remanded with instructions to reinstate the decision of the Advisory Committee.
It is so ordered.