**FIREMEN'S PENSION FUND, Appellant**
**(Respondent below),**

v.

**Alexander J. HOY, Appellee**
**(Petitioner below).**

**No. 4240.**

Supreme Court of Wyoming.

Nov. 30, 1973.

Donald L. Painter, Casper, for appellant.

Urbigkit, Moriarity & Halle and Ernest W. Halle, Cheyenne, for appellee.

Before PARKER, C. J., McEWAN, GUTHRIE and McINTYRE, JJ., and MAIER, D. J.

Mr. Chief Justice PARKER delivered the opinion of the court.

Alexander J. Hoy, an employee of the Cheyenne Fire Department for some thirteen years, applied for disability pension under the firemen's pension fund law, § 15.1-303 et seq., W.S.1957, C.1965,[1] attaching to his application a letter from an orthopaedic surgeon regarding his physical condition. A second orthopaedic surgeon, employed by the State Treasurer, reported he did not "feel that * * * [Hoy was] physically disabled" and saw no reason why he was incapable of carrying out his normal duties as a fireman. In accordance with custom, the Workmen's Compensation Department appointed a third specialist. He reported the possibility that Hoy could have an acute attack of disabling low back

1. Under the provisions of § 15.1–304, W.S. 1957, C.1965, the fund was administered by the State Treasurer through the Workmen's Compensation Department.

pain while in a dangerous position and recommended that strong, favorable consideration be given to his request for retirement. The Workmen's Compensation Department then asked for clarification of the views of the orthopaedic surgeon first consulted, who stated the applicant had a disability which limited the work he could do but that he was employable and light to moderately heavy work was feasible. Thereafter the treasurer issued findings of fact and conclusions of law, denying the pension on the ground all examining physicians agreed applicant was capable of performing light duties of a fireman and that an opening existed in floor-watch duty for which applicant was qualified. Hoy petitioned for review to the district court, which after requesting and considering briefs of the parties found that under the Wyoming Administrative Procedure Act the controversy had been a contested case and that pursuant to Rule 72.1(h), W.R.C. P.,[2] the case must be remanded to the State Treasurer for the purpose of taking further evidence—holding in abeyance, pending further decision by the treasurer, the petition for review.

The treasurer has appealed from the order, urging both that the proceedings should be before the district court and the record in the cause supports the decision denying the pension application. Hoy responds that the district court order is not appealable, further the proceeding to determine his eligibility for benefits was a contested case and that to prevent a violation of due process he must have a hearing at some level.

The appellant's contention that the record submitted to the district court supported the treasurer's denial of a disability pension application and thus obviated the necessity of taking further evidence is specious since Hoy has had no real opportunity to respond to the denial of his application, and of this he cannot be deprived.

In considering the matter, we scrutinize the controlling statutes and rules. Section 15.1–306(a)(5), W.S.1957, C.1965, stated that any applicant of the firemen's pension fund aggrieved by a disallowance of pension benefits had a right to commence an action in the district court of the county in which the applicant resided to have his rights to pension benefits determined before a judge of the district court. This statute was clear in its provision that the applicant *might* bring an action in the district court to have the right to pension benefits determined, which procedure not being inconsistent with the Wyoming Administrative Procedure Act is in addition and supplementary thereto.

█ Section 14(a) of the Wyoming Administrative Procedure Act (c. 108, S.L. of Wyoming, 1965) provided:

"Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case or by other agency action or inaction or any person affected in fact by a rule adopted by an agency shall be entitled to judicial review in the District Court * * *."

Hoy's petition for review presented to the district court was a proper, although not an exclusive, method for him to have used for a determination of his rights.

The argument that the proceeding before the Workmen's Compensation Department, acting on behalf of the State Treasurer, was a contested case is settled by a mere analysis of the definition in § 9–276.-19(b)(2), W.S.1957, 1973 Cum.Supp.:

" 'Contested case' means a proceeding including but not restricted to rate-making, price fixing and licensing, in which legal rights, duties or privileges of a party *are*

2. " * * * the court in contested cases shall order that * * * additional evidence be taken before the agency * * *. In all cases other than contested cases additional material evidence may be presented to the court."

*required by law to be determined by an agency after an opportunity for hearing."* (Emphasis supplied.)

In the instant situation, there could not well be a valid contention that the law *requires* an opportunity for hearing before the initial determination of a fireman's pension disability application. Moreover, *any such an interpretation in addition to* being unwarranted by the definition would be most impractical as requiring the treasurer *to hold a hearing each time an application is presented even though a substantial percentage of such applications would undoubtedly be granted as a matter of course.*

■ The trial court in its March 9, 1973, order found, inter alia, that the matter was a contested case. As indicated previously, this finding was improvident; however, such incorrect determination did not vitiate the order. Even though it would seem that the case would be susceptible of better disposition by the trial court (without remand), there is authority permitting the remand to the treasurer for the taking of further evidence. Rule 72.1(i), W.R.C.P., specifically provides, "The court shall enter judgment affirming, modifying or reversing the order, or in its discretion, *remanding the case to the agency for proceedings in conformity with the direction of the court."* (Emphasis supplied.)

■ We pass then to the question of whether or not the order from which appeal was taken was final, permitting review. It provided that the "case be and the same is hereby remanded to Mr. James B. Griffith, Administrator of the Firemen's Pension Fund * * * for the purpose of taking further evidence * * * and that Petitioner's petition for review is hereby held in abeyance pending further decision by the said James B. Griffith." Such order is on its face not final since it requires further action before the determination of any rights and additionally provides that the petition be held in abeyance pending the treasurer's decision. The appeal was untimely.

Dismissed.

McCLINTOCK, J., not participating.