Alexander J. HOY, Appellant
(Petitioner below),

v.

FIREMEN'S PENSION FUND, Appellee
(Respondent below).

No. 4491.

Supreme Court of Wyoming.

Oct. 1, 1975.

Ernest W. Halle of Urbigkit, Moriarity, Halle & Mackey, P. C., Cheyenne, for appellant.

Lawrence A. Bobbitt, III, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., ROSE, J., and ARMSTRONG, D. J., retired.

ARMSTRONG, District Judge, Retired.

This is an appeal from an administrative decision denying Hoy a fireman's disability pension. The same case was previously before this court in November of 1973. 516 P.2d 365. At that time, the matter was sent back to the administrator of the fund, James B. Griffith, for further evidentiary hearings. The findings of fact and conclusions of law entered May 14, 1974, by the State Treasurer, Trustee of Fireman's Pension Fund, after the further hearing, is the basis of the pension denial. Hoy sought review at district court, and the denial was upheld. This appeal challenges the findings of the administrator and the district court's decision.

Hoy was employed by Respondent from March, 1959 until some time in late 1972.[1] Hoy resigned on August 18, 1972 with a request for a thirty-day leave of absence. In September of 1971, Hoy was involved in an auto accident and injured his back. In

1. The administrator said July 1, 1972. The appellant says August 18, 1972. The appellee says September 16, 1972. Other testimony in the record may indicate September 18, 1972. This issue is unimportant in the disposition of this appeal, but should be resolved by the administrator and the parties, should Hoy eventually reapply for a pension. The rate must be calculated on his exact length of service.

March of 1972, Hoy again injured his back, this time while on duty. Hoy missed some time in November of 1971 due to the first injury. From March, 1972, until Hoy finally left the department, he was either on sick leave or vacation time. In June, 1972, Hoy applied for a disability pension.

There is no dispute that Hoy was not fully incapacitated. He was worked part-time for a moving company, selling moving services, both before and after his injuries. He now works fulltime in a similar occupation in California. There is also no dispute that while Hoy was on sick leave, he worked part-time and was also observed painting the eaves of his house.

Both before and after the injury, Hoy, from time to time, was assigned "floor-watch duty," which consists mainly of answering the telephone and keeping logs for the Cheyenne Fire Department. It is apparent that all firemen occasionally rotate in this position. It has been customary to allow injured firemen to take this duty more often. Once, in the past, it was performed full-time by a partially disabled fireman. Hoy was offered this job full-time when he resigned August 18, 1972. Three doctors were in substantial agreement that Hoy could perform "light duty" work. The administrator found floor-watch duty to be in this category.

The pension denial was predicated on Hoy's refusal to accept the position of permanent floor-watch duty. Hoy contends that he was not able to perform this duty, that it is not "active duty" under § 15.1–306(a)(iv), W.S.1957, 1975 Cum.Supp., that there is no position of "permanent floor-watch duty," and that he was not obligated to accept any position different from his old normal duties.

The doctors agreed that Hoy could not continue as an active fire fighter. There was no real dispute that Hoy could not physically perform "floor-watch duty." The gist of Hoy's complaint is that he is not suited to answering the phone all day and that he is not obligated to perform this task.

The applicable statutes are §§ 15.1–303 through 15.1–313, W.S.1957, 1975 Cum. Supp. Of particular importance are §§ 15.1–303(a) which defines a "paid fireman" as:

" * * * an individual regularly employed and paid by any city or town, or county, for devoting his entire time of employment to the care, operation and requirements of a regularly constituted fire department."

and § 15.1–306(a)(iv) which reads in part:

" * * * If the report of the physician, or other evidence available to the administrator, shows that the fireman is not qualified for the disability pension, or that he is fit for active duty, the administrator shall disallow or discontinue the payment of the monthly disability pension."

■ The only reasonable interpretation of these sections leads to the conclusion that a "paid fireman" fit for "active duty" should be denied a disability pension. There is no question that someone occupying the position of "permanent floor-watch duty" would be a "paid fireman." In fact, the salary would be the same as that of other firemen. The question is whether or not this can be classified as "active duty" and we hold that such duty is active duty.

This court is aware that other jurisdictions have differed on this point. States such as Nebraska have specific statutory language to cover this question. The Nebraska statute was revised to allow a pension for a fireman unable to continue in "the work he was doing at the time of such accident." R.R.S. § 15–1006(1) (1974). *Hooper v. City of Lincoln, Neb.,* 183 Neb. 591, 163 N.W.2d 117, 123 (1968) which distinguishes this statute from an earlier statute.

Our statute is not as specific. Hoy wishes us to interpret "active duty" as duty

comparable to that of one's former duty, or at least as active fire fighting. It is apparent, however, that all Cheyenne firemen under the rank of lieutenant sometimes pull "floor-watch duty." In Cheyenne "floor-watch duty" has been considered as regular duty. We cannot say that this is not "active duty." His accrued retirement pension rights remain intact. § 15.1–306(a)(ii). If Hoy should continue at "floor-watch duty" for the remainder of his twenty-year minimum service, he would still qualify for a full pension. § 15.1–306(a). His salary is the same as that of other firemen. His duties are partially the same as his former obligations. He is still engaged in fire prevention.

Hoy argues that we normally think of a fireman as one who fights fires, carries hoses and drives fire trucks. We recognize that other jurisdictions have accepted this notion in defining who are firemen, or similarly who are policemen, for pension purposes. *Clark v. Board of Police Pension Fund Commissioners*, 189 Wash. 555, 66 P.2d 307, 309 (1937). Clearly the more enlightened approach is taken by California as stated in *McKeag v. Board of Pension Commissioners of City of Los Angeles*, 21 Cal.2d 386, 132 P.2d 198, 200 (1942), reh. den.:

"We think therefore, that all that is required under Section 185 to constitute an employee a member of the fire department is that his duties have a substantial connection, either direct or indirect, with the prevention or extinguishing of fires in the city of Los Angeles."

Wyoming has essentially endorsed this view in its definition of "paid fireman" in § 15.1–303(a).

Some states have made a further distinction: they hold that even though a person with a desk job may be a fireman, he is not an "active duty fireman", "active duty firemen" being those who physically fight fires. *Spencer v. Yerace*, W.Va., 180 S.E.2d 868 (1971); *Simmons v. Policeman's Pension Commission of Borough of Deal*, 111 N.J.L. 134, 166 A. 925 (1933); *Fireman's and Policeman's Civil Service Comm. v. Wells*, 157 Tex. 644, 306 S.W.2d 895 (1957); and *Weyel v. Board of Firemen, and Policemen and Fire Alarm Operators*, Tex.Civ.App., 345 S.W.2d 456 (1961). The Texas decisions result from a pension statute specifically drawn to exclude non-hazardous positions. The West Virginia and New Jersey decisions support Hoy's claim that desk jobs should not be considered "active duty" positions.

We feel that it would be most unfortunate to deny an available desk job to those disabled firemen who wish to continue working at full pay. It seems equally unfair to grant other firemen a disability pension when they are capable of being productive workers and could still be contributing to the pension fund. There is a line of Florida decisions which seems to be directly in point:

"It seems to us that to encourage demands, such as relator presented, upon the pension fund would ultimately defeat the principal purpose for which it was established—that is, to assure the employee economic security and stability. Honoring relator's demand would be contrary to the spirit of the plan. From the stipulation it is patent that he is paid now as much as he received when he was injured. His security, therefore, seems unaffected, and he would be in worse position from that standpoint were he retired on half pay. If he assumed this status he would evidently have the choice either of living in idleness at the expense of the fund, and therefore to the disadvantage of his fellows who contribute periodic assessments to its maintenance, or of supplementing this income with employment elsewhere * * *. In the latter event he would at once be receiving contributions from the fund on the theory that he was incapacitated while proving his capacity to earn by actually performing labor or services. Neither of these courses appears to us harmonious with the design and purpose

of the pension act." *State ex rel. Hackney v. Pierce,* 157 Fla. 464, 26 So.2d 186, 187 (1946). See also, *Nuce v. Board of Trustees,* Fla.App., 246 So.2d 610 (1971), and *City of Opa-Locka v. Woodard,* Fla.App., 252 So.2d 852 (1971).

California, with whom we agree as to the definition of fireman, has recognized "light-duty" positions as acceptable "active duty" in denying a disability pension. *Craver v. City of Los Angeles,* 42 Cal. App.3d 76, 117 Cal.Rptr. 534, 536 (1974). The court said in that case:

> "[W]here there are permanent light duty assignments and a person who becomes 'incapacitated for the performance of his duty . . . shall be retired,' that person should not be retired if he can perform duties in a given permanent assignment within the department. He need not be able to perform any and all duties performed by firemen or, in the instant case, policemen. Public policy supports employment and utilization of the handicapped."

Hoy's final argument on the "active duty" definition is that it is wrong to force a formerly active fire fighter to sit and answer the phone. His contention is backed by some authority, some which have held that it is unfair to lower a man in stature or rank even if you do not lower his salary. This reasoning prevails in the statutory construction in Nebraska, and is undoubtedly part of the reasoning in the decisions of *Spencer, Clark,* and *Simmons.*

Wyoming pension laws are not designed to be harsh or work any hardship on a disabled fireman. In proper cases, pension would be paid for any physical or mental disability. Economically, the acceptance of the "floor-watch" job could not harm him. His retirement pension rights would continue to accrue. Even if Hoy quits now, his pension contributions are protected. He could collect his contributions up to now in one lump sum (over $4,000), or he could choose to wait a few years and draw a pro rated monthly pension. Section 15.-1–306(a)(ii), W.S.1957, 1975 Cum.Supp. Unfortunately, Hoy cannot continue as an active fire fighter. If he could, we would not face any problems. But this court is not convinced that he should have a right to choose between working at a less glamorous, but equally stable job, or retiring immediately at half salary.

The appellee counters Hoy's argument by noting that the position will still be rotated and equally shared by the remaining firemen while Hoy is off duty. Furthermore, it was shown that the custom has always been to offer temporarily disabled men "floor-watch duty" while they recover. There is no dispute that it has been assigned as permanent duty at least once in the past.

The district court has upheld the administrative findings. We agree that the findings of fact are all well supported by substantial evidence. We wish to clarify, however, that "floor-watch duty" is "active duty" as a matter of law. The denial of a disability pension was mandatory pursuant to § 15.1–306(a)(iv), if Hoy was able to perform "floor-watch duty." This was the finding of fact. There was no abuse of discretion or capriciousness in the procedures below. The pension denial was proper and mandatory in light of the findings, and therefore, it is affirmed.

Affirmed.

McCLINTOCK and RAPER, JJ., did not participate.