PER CURIAM.
The trustees of the Jacksonville City Employees Pension Fund appeal a declaratory judgment giving Mrs. Wansley disability benefits. We reverse on the authority of State ex rel. Hackney v. Pierce, 157 Fla. 464, 26 So.2d 186 (1946).
Mrs. Wansley is a 49 year old widow, an employee of the City for about 16 years. From February to August, 1975, she made three requests for a physical disability pension. All three were denied. A medical review board of the City, composed of independent medical doctors, heard Mrs-. Wans-ley’s appeal from the denial and also denied her request. This declaratory action was then brought in Duval County Circuit Court. The trial judge initially ruled Mrs. Wansley was not “totally and permanently incapacitated from the performance of any further duties for the City”, as set out in the rules and regulations for the pension fund. Upon rehearing, the trial judge found the correct standard to be whether Mrs. Wansley was “incapacitated for the performance of her duties”, as set out in Ch. 18610, Laws of Florida (1937). Mrs. Wansley was found under that standard to be disabled and entitled to pension benefits.
In State ex rel. Hackney v. Pierce, supra, the employee’s petition for mandamus was granted. The Supreme Court reversed, holding the recommendation or the approval of the advisory committee to the pension *114 fund trustees was essential before an employee would be eligible for disability benefits. In the absence of such approval, or the showing that the committee acted capriciously or arbitrarily, judicial relief should not be granted. Here Mrs. Wansley was examined by at least seven physicians. Six of the seven believed she could work in some capacity for the City. The determination by the medical review board was supported by competent substantial evidence and should not be subject to judicial disturbance.
Counsel for the City, during oral argument, advised us that should the judgment be reversed, the City would attempt to provide a position consistent with Mrs. Wans-ley’s physical capabilities. Being confident that this assertion was made in good faith, we assume the City will so provide.
The amended declaratory judgment is
REVERSED.
RAWLS, Acting C. J., and SMITH and ERVIN, JJ., concur.