352 So.2d 556 (1977)
Joseph P. AMICO, Petitioner,
v.
DIVISION OF RETIREMENT, DEPARTMENT OF ADMINISTRATION, et al., Respondents.
No. FF-70.
District Court of Appeal of Florida, First District.
November 30, 1977.
*557 Edward S. Jaffry of Horne, Rhodes, Jaffry, Stephens, Bryant, Horne & Chapman, Tallahassee, for petitioner.
Steven S. Mathues, Tallahassee, for respondents.
SMITH, Judge.
Amico petitions for review of a Retirement Commission order terminating his disability retirement benefits. Amico was retired from his employment as a Metropolitan Dade County police officer in August 1972 on a determination that he was then "totally and permanently disabled." Section 121.091(4), Florida Statutes (1975). In November 1976, the Retirement Commission conducted the hearing prescribed by Section 121.23 for termination of benefits and sustained the decision of the Director of the Division of Retirement that petitioner is no longer disabled. We must determine who  the retiree or the Division  has the burden of proving the matter in issue in such a hearing before the Commission and whether substantial competent evidence supports the Commission's decision terminating Amico's benefits.
Section 121.091(4) authorizes payment of monthly disability retirement benefits to members of the Florida Retirement System who are "totally and permanently disabled," i.e., "prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee." Section 121.091(4)(d), Florida Statutes (1975). When that determination has been made and payment of disability retirement benefits begins, the burden of proof on the contested issue before the Commission is on the Division of Retirement. See Balino v. Dep't of Health and Rehab. Serv., 348 So.2d 349 (Fla. 1st DCA 1977); Florida Dep't of Health and Rehab. Serv. v. Career Serv. Comm'n, 289 So.2d 412 (Fla. 4th DCA 1974). The Division adduced sufficient evidence that Amico is no longer totally and permanently disabled. Its prima facie case was that, following retirement, Amico was employed as security manager for a department store, as a salesman, as a security *558 service supervisor, and as a bartender; and that Amico's attending physician was of the opinion Amico was not, in February 1976, totally and permanently disabled. At the time of the Commission hearing, which Amico did not personally attend, he was employed as a bartender. Amico's counsel, who did participate in the hearing, offered no evidence to overcome the Division's prima facie case.
We find it unnecessary in this case to resolve the question of whether a retiree may continue to be totally and permanently disabled for purposes of Section 121.091(4) and yet be capable of earning, and in fact be earning, a partial livelihood in unique private employment for which he is not entirely disabled. The Commission could properly have concluded in this case that Amico, having been gainfully employed full time in various occupations during most of his retirement, was no longer totally and permanently disabled to perform some "useful and efficient service" for his former employer, the Metropolitan Dade County Police Department. It was not necessary that the Division adduce evidence Amico could have returned to line duty as a patrolman. See Tanzler et al. v. Wansley, 350 So.2d 113 (Fla. 1st DCA 1977).
This is not a proper case for our consideration of whether or in what circumstances disability retirement benefits may be refused under Section 121.091(4)(b) or terminated under Section 121.091(4)(d) on the ground that the employee, though disabled to perform his present or former duties and any other duties of a kind required by his particular employer, is nevertheless able to perform services of a kind required by another agency within the Florida Retirement System. It should be obvious that the proper time for the Division to seek such a judicial construction of Section 121.091(4) is when disability retirement is sought, not when the Division seeks to terminate benefits previously granted on the more liberal ground that the employee is disabled to perform his own particular duties. We will not look favorably on efforts to terminate disability retirement benefits on a ground that might have justified their denial when applied for. There is no evidence here that the Division has sought in that way to mend its hold on Amico.
The prayer of the petition for review is DENIED.
MILLS, Acting C.J., and ERVIN, J., concur.