ERVIN, Judge.
Petitioner appeals from a declaratory statement[1] issued by the Division of Retirement holding, inter alia, that Chapter 121 was applicable to a ’determination whether he remained totally and permanently disabled.
Petitioner was a law enforcement officer with the Dade County Sheriff’s Department and a member of the State and County Officers Employee Retirement System (SCOERS), created by Chapter 122, Fla. Stat. (1967), in December, 1968, when he was injured in a work-related accident. In March, 1970, he was injured in another work-related accident, an automobile crash.
On October 1, 1970, Chapter 121, Fla. Stat., the Florida Retirement System Act, which consolidated existing retirement systems (including Chapter 122), became effective. The Act provided that officers or employees of the state or its subdivisions employed after December 1, 1970, would not be eligible for membership in SCOERS (§ 121.011(2)(a), Fla.Stat. (1977)), that Chapters 122 and 238 were consolidated into Chapter 121 and that administration of those chapters was to be under Chapter 121. Section 121.011(2)(b). Section 121.011(3)(a) provided that rights of individuals, as petitioner, who were members of existing retirement systems, would not be impaired and their benefits under Chapters 122, 238 or 321 could not be .reduced, due to the enactment of Chapter 121, “except that if an eligible member of a retirement system . elects between April 15, 1971 and June 1, 1971, inclusive, to transfer to the Florida retirement system, he shall be transferred . . . and shall be subject to the provisions of the Florida retirement system . . . and at retirement have his benefits calculated in accordance with . . . s. 121.091.”
Petitioner transferred his membership in SCOERS to membership in the Florida Retirement System (FRS), effective December 1, 1970. In June, 1971, he applied for an “in line of duty” disability retirement as a result of. the March, 1970, automobile accident. He and his employer reached a workmen’s compensation “wash out” settlement in July, 1972, in which it was stipulated that the parties had been in dispute over the degree of petitioner’s permanent partial disability and wage earning loss. According to retirement system policy at that time, petitioner’s lump sum award was computed under § 122.34, Fla.Stat. (1977), of SCOERS;[2] however, petitioner’s benefits under that section were incorrectly computed according to the totally disabled schedule, and petitioner was awarded 45% rather than 35% of his final compensation.
On January 5, 1976, the Division of Retirement notified petitioner that he was to be reexamined pursuant to the provisions of § 121.091(4)(e).[3] After investigation, the Division concluded that petitioner was no longer totally and permanently disabled and notified him that future benefits would be terminated. At a deposition prior to termination of benefits, petitioner’s doctor testified that petitioner could perform supervisory work not involving lifting or vigorous activity. Moreover, it was shown that, since his retirement, petitioner had held four jobs in the security field and, at the time of the investigation, was chief of security at a Miami golf and racquet club.
Petitioner filed a petition for declaratory statement with the Division asking (1) *84 whether Chapter 121 (FRS) or Chapter 122 (SCOERS) was applicable in evaluating his right to disability retirement benefits; (2) whether it was the petitioner’s or the Division’s burden of proof at a disability reexamination, and (3) depending upon which section was found to apply, under what circumstances would petitioner be considered no longer disabled. The Division issued a declaratory statement that petitioner’s reexamination was controlled by FRS and § 121.091(4); that petitioner had the burden of proof at a reexamination hearing under § 120.57(1); and that “no longer disabled” in § 121.091(4)(e) meant the FRS member was no longer prevented from rendering useful and efficient service as an officer or employee because of a medically determinable physical or mental impairment. The statement asserted that an individual whose benefits were improperly computed under § 122.34 of SCOERS could petition for a hearing under § 121.-23(2).[4] Petitioner then filed this petition for review contesting each of the agency’s statements.
We agree with petitioner that his reexamination proceedings should be governed by § 122.34(11). The plain meaning of § 121.-011(3)(a) is that the only members of SCOERS whose benefits can be reduced or rights impaired because of Chapter 121 are those who transferred to the FRS between April 15, 1971, and June 1, 1971. Petitioner’s transfer to FRS was effective December 1, 1970.
Moreover,, the burden of proof at petitioner’s hearing is upon the state. The Division makes much of the fact that this case involves the termination of disability benefits and that in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court held that social security disability recipients were not denied procedural due process because they had the burden of proof in termination of benefits hearings. However, Title 2 of the Social Security Act, 42 U.S.C. § 423(d)(5), was construed as placing a continuing burden of proof on disability beneficiaries.[5] There is no similar provision in Ch. 122 which places the burden on SCOERS members. In Amico v. Division of Retirement, 352 So.2d 556 (Fla. 1st DCA 1977), this court stated unequivocally: “When . . . payment of disability retirement benefits begins, the burden of proof on the contested issue before the Commission is on the Division of Retirement.”
Finally, the petition for a declaratory statement asked under what circumstances petitioner may be considered no longer disabled according to the provisions (either of Ch. 121 or of Ch. 122) found applicable to the first question. Since we hold the Division’s finding, that Ch. 121 governs petitioner’s hearing, is erroneous, we do not discuss its other findings as to disability under Ch. 121.
As to petitioner’s question concerning under what circumstances, pursuant to Ch. 122, he may be considered no longer disabled, we leave that for resolution by the hearing officer.
The declaratory statement is REVERSED.
MILLS, Acting C. J., and MELVIN, J., concur.

. Section 120.565, Fla.Stat. (1977), provides for declaratory statements by agencies concerning the applicability of any statute or of any of the agency’s rules or orders, and states also “disposition of [the] petitions shall be final agency action.”

. Rule 22B — 4.07(1) provided:
A member of an existing retirement system which provided for disability in line-of-duty benefits, who transferred to the Florida Retirement System and subsequently becomes disabled as a result of an illness or injury incurred in line of duty while he was a member of the existing retirement system, shall be eligible to receive whatever disability benefits he would have been eligible for under his existing retirement system had he not transferred to the Florida Retirement System.

. Which provides that the director of the Division of Retirement “may require periodic reexaminations at the expense of the retirement fund . . . .”

. That section provides that members who do not accept the Division’s determination after a reexamination are entitled to a hearing before the State Retirement Commission pursuant to § 120.57(1).

. See discussion in Balino v. Dep’t. of Health & Rehabilitative Services, 348 So.2d 349, 351 at n. 2 (Fla. 1st DCA 1977). The section of the federal act discussed in Mathews, supra, stated: “An individual [may] not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.” 42 U.S.C. § 423(d)(5).