ERVIN, Judge.
Vidal appeals a final order of the State Retirement Commission finding that the appellant lost all his rights under his SCOERS plan, Chapter 122, Florida Statutes, by virtue of his transfer on December 1, 1970 to the Florida Retirement System (FRS), Chapter 121, Florida Statutes, due to the effect of the legislature’s enactment of Section 121.011(3)(f), Florida Statutes (1979). The Retirement Commission held that Chapter 121 applied to the appellant, which required him to establish that he was totally and permanently disabled. Vidal contends that the Commission erred in that Section 121.011(3)(f) is not applicable to his transfer, or if applicable, the effect of the statute impaired his contractual or vested *1352 rights. We agree with the appellant as to the former point, and therefore reverse without addressing the constitutional question.
The appellant, a career law enforcement officer with the Palm Beach County Sheriff’s Department, was a member of SCOERS, Chapter 122, Florida Statutes, since 1962. Sometime in 1970, he signed a computer card, purportedly applying for a transfer to the Florida Retirement System (FRS), Chapter 121, effective December 1, 1970. He was terminated from employment on November 16, 1977, due to partial disability resulting from a gunshot wound sustained in the line of duty on September 4, 1975, and on October 5, 1978, he applied for in-line-of-duty retirement. The appellant’s partial disability was never an issue at the hearing below.
The appellant’s rights under SCOERS, upon his transfer on December 1, 1970, were preserved by Section 121.011(3)(a), Florida Statutes (1970), providing:
The rights of members of the retirement systems established by Chapters 122, 238, and 321 shall not be impaired, nor shall their benefits be reduced by virtue of any part of this chapter, except that if an eligible member of a retirement system established by Chapters 122, 238, or 231, elects between April 15, 1971 and June 1, 1971, inclusive, to transfer to the Florida Retirement System, he shall be transferred to the Florida Retirement System on June 1, 1971 and shall be subject to the provisions of the Florida Retirement System established by this chapter and at retirement have his benefits calculated in accordance with the provisions of Section 121.091.
(e.s.)
The appellant’s rights in the system were declared to be of a contractual nature as of July 1, 1974. Section 121.011(3)(d), Florida Statutes. In December, 1978, we held in Seward v. Department of Administration, 366 So.2d 82 (Fla. 1st DCA 1978) that employees who transferred on December 1, 1978 did not waive any rights under SCOERS; that the plain meaning of Section 121.011(3)(a) provided that the waiver only applied to those who transferred from April 15 to June 15, 1971.
Subsequently, in 1979 the legislature added Section 121.011(3)(f) which provides:
The rights under an existing system of any former member of such system who has become a member of the Florida Retirement System, either by an affirmative choice during any transfer period or by operation of the compulsory participation provisions of s. 121.051(1), are limited to those rights that existed and were exercised in such system at the time participation in the system ceased. The rights of such member after transfer shall be subject to the provisions of the Florida Retirement System established by this chapter, and at retirement the member shall have his benefit calculated in accordance with Section 121.091. The provisions of this paragraph are declaratory of the legislative intent upon the original enactment of this chapter and are hereby deemed to have been in effect from such date.
(e.s.) The key language in this statute is the phrase “any transfer period[s].” The legislature, subsequent to 1971, has specified other optional transfer periods in Section 121.051(2), Florida Statutes. It has, however, never identified December 1, 1970 as a transfer period. The transfers made on December 1, 1970 were made by the Department of Administration without express legislative authorization. Florida Administrative Rule 22B-1.04(3)(a) obliquely refers to optional transfers as those made available by an act of the legislature. We therefore consider that the phrase “any transfer period” means only those transfer periods expressly specified by the legislature and therefore, Section 121.011(3)(f) is inapplicable to the instant case.
REVERSED with directions that the Division compute Vidal’s retirement benefits under the SCOERS plan.
McCORD and SHAW, JJ., concur.