985 So.2d 600 (2008)
Marcelle ASSILY, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 2D07-2299.
District Court of Appeal of Florida, Second District.
June 6, 2008.
Rehearing Denied July 16, 2008.
Marcelle Assily, pro se.
Raymond R. Deckert of Department of Children and Family Services, Tampa, for Appellee.
SILBERMAN, Judge.
Marcelle Assily appeals the final order of the Department of Children and Family Services (the Department) that affirmed the reduction of her monthly food stamp benefits. She argues that the Department did not have jurisdiction to hear her administrative appeal, that the Social Security Administration was an indispensable party to the underlying proceeding, and that the hearing officer who considered the appeal improperly placed the burden of *601 proof on her. We reject the first two arguments without discussion. As to the last argument, the Department properly concedes that the hearing officer incorrectly stated that Ms. Assily bore the burden of proof. However, the Department argues that the final order should be affirmed because the Department's evidence established that the reduction in Ms. Assily's food stamp benefits was correct and because Ms. Assily presented no opposing evidence. We agree.
It appears that Ms. Assily had been receiving food stamp benefits for some period of time. In November and December 2006, based on information that it received as to Ms. Assily's financial circumstances, the Department notified Ms. Assily that her monthly food stamp benefits would be reduced. Ms. Assily requested a hearing as to the reduction. A hearing officer with the Department of Children and Families Office of Appeal Hearings conducted the evidentiary hearing. In an order concerning the hearing procedure and again in the final order, the hearing officer stated that Ms. Assily had the burden of proof because she was disputing the amount of her food stamp benefits.
Florida Administrative Code Rule 65-2.060(1) addresses the burden of proof in administrative hearings involving the Department and provides as follows:
The burden of proof, except where otherwise required by statutes, is on the party asserting the affirmative of an issue. The burden is upon the Department when the Department takes action which would reduce or terminate the benefits or payments being received by the recipient. The burden is upon the petitioner if an application for benefits or payments is denied. The party having the burden shall establish his/her position, by a preponderance of evidence, to the satisfaction of the hearing officer.
(emphasis added); see also C.F. v. Dep't of Children & Families, 934 So.2d 1, 6 (Fla. 3d DCA 2005) (stating that because the case involved the reduction of Medicaid services, the Department of Children and Families bore the burden of proof); Amico v. Div. of Ret., Dep't of Admin., 352 So.2d 556, 557 (Fla. 1st DCA 1977) (stating that the Division of Retirement bore the burden of establishing that Amico was no longer eligible for monthly disability retirement benefits).
Thus the hearing officer was incorrect in stating that Ms. Assily had the burden of proof. However, the record demonstrates that the Department met its burden. The Department presented evidence that it properly adjusted Ms. Assily's monthly food stamp benefits based upon changes in her financial circumstances. Ms. Assily did not present any evidence contradicting the Department's calculations or refuting the information that the Department relied on to determine the reduction in benefits.
Because the evidence fully supports the hearing officer's decision, we affirm the final order.
Affirmed.
ALTENBERND and WALLACE, JJ., Concur.