**Kenneth L. CLOUD, Plaintiff-Appellee,**

v.

**FORT DODGE POLICE PENSION BOARD OF TRUSTEES, Defendant-Appellant.**

No. 84–939.

Court of Appeals of Iowa.

May 28, 1985.

Maurice C. Breen, City Atty., Fort Dodge, Iowa, for defendant-appellant.

James L. Kramer and Thomas J. Bice of Johnson, Erb, Latham, Gibb & Carlson, Fort Dodge, Iowa, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Defendant appeals from the district court's decision reversing defendant's denial of accidental disability benefits to plaintiff.

Plaintiff is a policeman in Fort Dodge, Iowa. In January of 1981 he was involved in an automobile accident while off duty. He returned to work in April, 1981, but began experiencing numbness in his right hand. After consulting two neurosurgeons plaintiff had a herniated disk removed from his neck and fusion of the vertebrae. In July, 1982, defendant pension board placed plaintiff on temporary disability.

Plaintiff applied for accidental disability benefits. After a hearing defendant denied plaintiff's claim and ordered him to return to active duty. Although defendant found that plaintiff suffered an injury to his cervical spine which was aggravated by the performance of his duty resulting in a permanent fifteen percent loss of motion of the neck, defendant determined that plaintiff was not totally incapacitated for further duty.

Plaintiff filed a petition for writ of certiorari asserting that defendant's decision was illegal, arbitrary, and not supported by substantial evidence. The district court granted the writ and ordered that defendant's decision be annulled.

■ Certiorari is an action at law and our review of the district court decision is governed by rules applicable to appeals in ordinary actions. *Dunphy v. City Council of Creston*, 256 N.W.2d 913, 916 (Iowa 1977).

Accidental disability benefits for policemen and firemen are allowed by Iowa Code section 411.6(5) which provides in part:

Upon application of a member in service or of the chief of the police or fire departments, respectively, any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an injury or disease incurred in or aggravated by the actual performance of duty at some definite time and place, or while acting pursuant to order, outside of the city by which he is regularly employed, shall be retired by the respective board of trustees, provided, that the medical board shall certify that such member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that such member should be retired.

Defendant found that plaintiff had suffered an injury which was aggravated by the performance of his duty. This finding has not been challenged. The fighting is-

sue in this case is whether plaintiff "has become totally and permanently incapacitated for duty" as required by the statute.

In *Butler v. Pension Board of Police Department,* 259 Iowa 1028, 147 N.W.2d 27 (1966), a retired police matron was denied accidental disability benefits by the defendant board. The medical evidence showed that she had developed heart disease during her employment although the doctors' opinions varied as to whether she had become disabled by the disease. *Id.* at 1030–32, 147 N.W.2d at 28–29. The supreme court examined the duties required of police matrons and affirmed the district court's decision that plaintiff was totally incapacitated for duty. The supreme court noted that it was not necessary for plaintiff to be incapacitated from all activity in order to show that she was disabled as a police matron. *Id.* at 1033, 147 N.W.2d at 30. The court concluded: "The evidence was uncontroverted that plaintiff had some heart disease and that it developed during her employment in the police department. There was not a scintilla of evidence that her physical condition was such as to qualify her for work as a police matron or do the things required by the municipal code." *Id.* at 1033, 147 N.W.2d at 29–30.

In *Reisner v. Board of Trustees of Fire Department System,* 203 N.W.2d 812 (Iowa 1973), a fireman was denied disability benefits by defendant board on the ground that he was not incapacitated by his emphysema. This conclusion was supported by the opinions of two doctors on the medical board. Plaintiff's own physician submitted an affidavit supporting plaintiff's claim for benefits. *Id.* at 814. Both the district court and the supreme court affirmed the action of defendant. The supreme court noted that the medical evidence was in direct conflict and distinguished *Butler* on the ground that the facts in *Butler* were uncontroverted. *Id.* at 815. *See also Carstensen v. Board of Trustees of Police Retirement System,* 253 N.W.2d 560, 564–65 (Iowa 1977).

In the present case the deposition of Dr. Clark was made a part of the record. Dr. Clark testified that he was one of a team of three physicians which examined plaintiff on two occasions. The report which the team made after the June 24, 1982, examination stated that plaintiff was not totally and permanently incapacitated for duty and should return to work in six to nine months. However, on February 10, 1983, the report submitted by the same team of doctors recommended that plaintiff be given light duty or a desk job and that he not be an active duty police officer. Doctor Clark gave the following response in his deposition when asked to explain this recommendation:

Basically on the last exam I felt that he's fully recovered from surgery, and I think he's made his maximum recovery from that. And actually his recovery from it was excellent. However, there's a big unknown. He has one less vertebral segment in his neck, okay? And with that fused segment, I do know that there's an increased stress on the disk levels above and below the level of the fusion. Because one is missing, the ones above and below are doing extra work. What I don't know and what no one knows, really, is how much stress there is on that spot. But I do know that the type of work a police officer may be involved in could subject his spine to fairly significant loading. And the question is, is it enough to cause further problems above and below his neck? And that's an unknown. So that was the reason I made my decision in that direction. When you fuse one segment of the neck, you lose approximately 15 percent of motion in each direction.

Upon further questioning concerning plaintiff's ability to perform the work of an active duty policeman Dr. Clark stated:

Q. Doctor, I note in Exhibit 2 that you have made a recommendation that Kenny Cloud return to light duty, am I correct?

A. Correct.

Q. And assume for a moment that light duty—

A. Light duty as a police officer, yes.

Q. Assume for a moment that on the Fort Dodge Police Department that there is no such position that allows for light duty. Then would you have an opinion concerning Kenny Cloud returning as a full-line, full-duty policeman?

A. If there were no light duty or desk-type job, I would be concerned about returning to full active duty, yes.

Q. And would you recommend that he return to full duty?

A. No.

Q. Why?

A. Because of this uncertainty of how strong his neck really is and how easily it could be injured.

Q. Do you have an opinion, Doctor, based upon reasonable medical certainty whether Kenny Cloud in the future can return to duty as a full-line, full-duty officer?

A. His condition is a permanent one, so I would recommend not.

Q. At any time in the future?

A. Right.

Q. So in terms of Kenny Cloud being permanently totally disabled in terms of a full-line, full-duty police officer, is he totally and permanently disabled in that regard?

A. I don't understand total here. We do impairment ratings in other forms, and my perception of total is that they have multiple body involvement. He has a permanent impairment that involves just one part of his body. But if you mean by that if he cannot do his job as an active duty police officer, then it is permanent impairment, yes.

Q. And would totally exclude him from being a full-line, full-duty police officer?

A. Yes.

At the hearing on plaintiff's petition for writ of certiorari the chief of police of Fort Dodge testified that there are no desk or light duty jobs for policemen in that city. Plaintiff also entered into evidence a general order of the police department regarding physical fitness which reads: "All members of this Department shall maintain good physical condition so that they may be able to handle the strenuous physical contacts often required of law enforcement officers."

 We find that the facts of this case, as in *Butler*, are uncontroverted. It is undisputed that plaintiff suffered an injury which resulted in the loss of fifteen percent of his neck motions and the loss of strength and the ability of his neck to absorb shocks. There is no evidence in the record that plaintiff could perform the strenuous duties of a law enforcement officer without great risk of injury. This is not a case where the board could resolve a conflict of the evidence. It is a case where the board misapplied the law to uncontroverted facts. Plaintiff has shown he is permanently incapacitated as a policeman. Therefore, the decision of the district court is affirmed.

AFFIRMED.