CITY OF CHEYENNE POLICEMEN
PENSION BOARD, Appellant
(Respondent),

v.

David D. PERREAULT,
Appellee (Petitioner).

No. 86–75.

Supreme Court of Wyoming.

Nov. 5, 1986.

R. Walter Connell, Deputy City Atty., and Nancy S. Tabor, Legal Intern, Cheyenne, for appellant (respondent).

Rhonda Sigrist Woodard of Woodard, Epps and Hecox, Cheyenne, for appellee (petitioner).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

David Perreault, a Cheyenne police patrolman, was injured in an on-duty automobile accident. His subsequent application to the City of Cheyenne Policemen Pension Board (Board) for a disability retirement pension was denied. The district court reversed the Board's decision as not supported by case law or the medical testimony on record. We affirm.

On July 1, 1980, Perreault was injured in an automobile accident while on duty and was hospitalized for four days with neck, shoulder, hip, knee, and ankle pain. His condition improved so considerably that he returned to work and volunteered for strenuous SWAT team training, completed a physical training course, and engaged in other physically demanding activities. However, during this time, he began experiencing lower back pain and pain and numbness in his legs. The pain intensified, and he was again hospitalized in December of 1980. A myelogram revealed possible indications of nerve-root pressure from abnormal disc degeneration. After treatment, his physician concluded that he could

return to light work at the police department, but that he was totally unable to perform the normally assigned duties of a patrolman.

Perreault was visited on January 19, 1981 by a lieutenant with the police department who advised him that he had run out of paid work leave. The lieutenant discussed his available options, including worker's compensation and disability retirement pension, but did not discuss the possibility of a light-duty assignment. A few days later, Perreault filed a request with the Board for a disability retirement pension[1] accompanied by a letter from his attending physician stating that Perreault was "100% impaired as far as police work is concerned, however there is some other type of work he can do."

During a hearing, held February 3, 1982, the Board received testimony from Perreault's physician and another physician retained by the City to examine him. The City's examining physician testified that Perreault probably had a herniated disc or a chronically sprained back, and generally substantiated the testimony of the attending physician. The City's examining physician did, however, testify that to categorize his disability as permanent was inappropriate "at this time." Other testimony revealed the extent of Perreault's vigorous, physical activities between the time of the automobile accident in July and his hospitalization in December.

The Board reviewed the testimony and issued its findings of fact and conclusions of law, denying Perreault's application for a disability pension. The Board found (1)

that the testimony regarding his demanding, physical activities disaffirmed his claim that he was physically disabled; (2) that there was little objective, physical evidence to support his claim; (3) that other police officers who had suffered with back problems had remained on active duty; and (4) that Perreault was still capable of performing most of his duties.

Perreault filed a petition for review with the district court. Upon review, the district court determined that the Board's decision was neither supported by case law nor by the introduced medical testimony. Consequently, the district court reversed the Board's findings and remanded the case to the Board with instructions to award a disability pension.

The City now appeals the district court's decision, claiming that:

(I) The district court erred in holding that the Board's decision was not supported by substantial evidence and was arbitrary and capricious; and

(II) The district court committed reversible error when it substituted its judgment for that of the trier of fact.

An issue originally raised by Perreault regarding the restriction of voir dire at the Board hearing was not considered by the district court in the last decision letter, and since no cross-appeal was taken will not now be considered in this appeal.

## ISSUE I

■ The parties have accurately stated the standard which guides court review of administrative decisions.

---

1. The retirement application has encountered a complex and delayed pathway to this juncture of final resolution.

The first application, submitted on January 22, 1981, was denied without a hearing at a regular Board meeting on April 21, 1981. Following a petition for review, the parties stipulated to dismiss the petition upon an agreement to conduct a formal hearing. The hearing was held on February 3, 1982, the Board rendered its second adverse decision on April 23, 1982, and Perreault filed a petition for review before the district court. The district court remanded the case to the Board to enter adequate findings

of fact and conclusions of law. On March 24, 1983, the Board filed a revised decision containing findings and conclusions of law. On April 25, 1983, Perreault again petitioned the district court for review of the Board's decision. After extensive briefing, the district court finally issued a decision letter on January 16, 1986, followed by an order of February 3, 1986 remanding the case to the Board for an award of permanent disability. This appeal is now taken from that order entered more than five years after the original application was filed, and about five years after the date of the medical documentation in the record.

"In determining whether the action of an agency is arbitrary, capricious, or an abuse of discretion, the court ascertains whether the decision is supported by the evidence contained in the record." *Holding's Little America v. Board of County Commissioners of Laramie County,* Wyo., 670 P.2d 699, 703 (1983).

The court must accept the agency's finding of fact when it is supported by substantial evidence. *First National Bank of Worland v. Financial Institutions Board,* Wyo., 616 P.2d 787, 793–794 (1980); § 16-3–114(c)(ii)(E), W.S.1977, 1982 Replacement. Substantial evidence is

" * * * such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* Wyo., 662 P.2d 878 (1983); *Board of Trustees, Laramie County School District No. 1 v. Spiegel,* Wyo., 549 P.2d 1161 (1976). Such evidence may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming, supra."* *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission,* Wyo., 715 P.2d 557, 561–562 (1986).

We apply the above standard of review of the Board's decision together with this court's established procedure for review of agency decisions. This court recently restated that procedure in *Walker v. Karpan,* Wyo., 726 P.2d 82, 89 (1986):

"When the case comes to us from a district court acting as an intermediate appellate court we review the case as if it had been appealed directly to this court without affording special deference to the rulings of the district court."

 In applying these standards, we agree with the district court: the Board's decision is not supported by substantial

evidence. The uncontroverted testimony of both Perreault's physician and the City's physician who examined him substantiated his claim that he was disabled from performing the normal duties of a patrolman.

Perreault's physician concluded that he could return to light duty, but the record reveals that light duty was not an option which was made available to him. The City contends that light duty could have been made available upon request. The record reveals that Perreault did ask his sergeant for light duty, but "at the time of the request he was told that he would have to use up his sick leave since there was no light duty work available for him to do at that time." Following directions, Perreault exhausted his sick leave, after which he was visited by the police department lieutenant, who discussed only his worker's compensation and disability pension options. Thus, the police chief's testimony at the hearing that "I think I could probably say without question we would have reassigned him," had the employee requested light duty, is unsubstantiated by the account in the record of what actually happened.[2]

An excellent analysis in a similar circumstance is found in *Cloud v. Fort Dodge Police Pension Board,* Iowa App., 372 N.W.2d 313 (1985). In that case a police officer was injured in an automobile accident. His treatment involved the removal of a herniated disc from his neck and the fusion of the vertebrae, resulting in the loss of 15 percent of his neck motions and the loss of strength and the ability of his neck to absorb shocks. The Police Pension Board of Trustees denied the officer's claim for accidental disability benefits, determining that the plaintiff was "not totally incapacitated for further duty." Id., 372 N.W.2d at 314. The officer petitioned the district court, which annulled the Board's decision as illegal, arbitrary and not supported by substantial evidence. The Iowa

2. Actually, no documented offer of "limited duty" is included in the record for the period between January 22, 1981 and March 25, 1986 when this appeal was filed. If there was a City strategy involved, its denomination and effectuation is less than obvious. Perhaps, in fact, claimant was a persona non grata at the police station.

Court of Appeals affirmed the district court, stating:

> "This is not a case where the board could resolve a conflict of the evidence. It is a case where the board misapplied the law to uncontroverted facts." 372 N.W.2d at 316.

In this case, both physicians who examined Perreault testified that he was disabled from performing the normal duties of a patrolman. Like Cloud, this case is not one where the Board could resolve a factual conflict. Rather, it is a case where the Board misapplied the law to uncontroverted facts.

The examining physician for the City testified that he would not categorize Perreault's disability as permanent, but permanent disability is not the statutory standard which qualifies a policeman for a disability retirement pension.

Section 15–5–308(a), W.S.1977, 1980 Replacement, provides:

> "If any person, while serving as [a] policeman is physically disabled as a result of any bodily injury received in the immediate or direct performance or discharge of his duties, the board, upon his written request filed with the secretary of the board, or without the written request if it deems it to be for the benefit of the public, shall retire that person from the department and order that he be paid from the fund during his lifetime a monthly pension equal to sixty-two and one-half percent (62–½%) of the amount of his regular monthly salary, effective at the time of his retirement. If the officer's disability is off-duty related, the officer shall receive a monthly pension equal to fifty percent (50%) of his monthly salary effective at the time of his retirement. If the disability ceases, the pension shall cease, and the person shall be restored to active service at the existing salary of his position or rank at the time he is reinstated."

3. The Wyoming statutory standard is different from the statute involved in *Cloud v. Fort Dodge*

The word "permanent" does not appear in the statute.[3] Furthermore, the last sentence of the statute provides a mechanism for terminating the pension of a policeman whose disability ceases, clearly indicating that the disability need not be permanent to qualify an officer for retirement payments.

The City also emphasizes in its brief that Perreault's strenuous physical activities after the automobile accident make his "claim that his alleged back problems were caused by the accident very questionable." This statement is supported by the testimony of the City's examining physician that "most herniated discs and/or back sprains are not caused by automobile accidents, but rather normal everyday activity that's done in the home or athletics." Had the Board used this evidence to support a conclusion that the disability was "off-duty related" § 15–5–308(a), and had other evidence been introduced to corroborate that conclusion, their argument would be more persuasive. However, the Board concluded that Perreault was not disabled as a matter of law. The evidence does not support that conclusion. The fact of some disability was not in question; the factual controversy related only to the cause of the disability. The legal issue decided by the Board and reversed by the district court on appeal was whether Perreault's disability was compensable under the statute. The district court's opinion letter stated:

> "The issue in the instant case is whether or not Mr. Perreault is in fact disabled within the meaning of W.S. § 15–5–308(a). None of the cases cited stand for the proposition that a disabled petitioner can be denied a pension if no light duty position is available or if no such position has been offered to him.
> "Issue No. 2: Whether the board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.
> "Issue No. 3: Whether the board's decision to deny petitioner a pension was unsupported by substantial evidence.
> \* \* \* \* \* \*

*Police Pension Board, supra,* which invokes a "likely to be permanent" criterion.

"Briefly, a review of the findings of fact and conclusions of law submitted by the Policemen's Pension Board reveals the following:

"1. The board hints that it felt Mr. Perreault was malingering, that he was not disabled at all. * * * They seem to place considerable emphasis on the fact that evidence relating to petitioner's injury was 'subjective and symptomatic in nature.' In addition, the board cites various physical activities which petitioner engaged in between July, 1980 and November 1980.

"2. The board stops short of saying that Mr. Perreault was not suffering from a back injury, finding that if such an injury did exist, Mr. Perreault was capable of performing 90–95% of a police officer's duties, and *that as a matter of law, such an injury was not a disability by W.S. 15–5–308(a).*

"3. The board also found that if Mr. Perreault was suffering from a disability, it was not the result of 'injury received in the immediate or direct performance or discharge of his duties.'

\*　　\*　　\*　　\*　　\*　　\*

"Given that the Board, as triers of fact, were in a position to make a determination as to the credibility of witnesses, it seems rather strange that they should disregard not only the testimony of Mr. Perreault and Dr. Kline, but of Dr. Preston as well. The source of results reached by the Board appear to be inferences from the testimony regarding Mr. Perreault's activities, and the vague testimony by members of the police department that other officers have 'lived with' back problems.

"If the Board had based their determination entirely on a belief that Mr. Perreault was in fact making up his problems, that would be one matter. However, they do not go that far, buttressing their conclusion with the finding that, if petitioner is in fact injured, such an injury is not a disability under W.S. § 15–5–308(a). That result is not supported ei-

ther by case law or medical testimony received at the hearing."

## ISSUE II

Appellant cites *Atchison v. Career Service Counsel of the State of Wyoming, Wyo.,* 664 P.2d 18, 21 (1983) for the proposition that

" * * * This court will not substitute its judgment on these matters for that of the administrative agency, nor will this court perform duties assigned by law to administrative boards. *McGuire v. McGuire,* Wyo., 608 P.2d 1278 (1980)."

Appellant also cites this court's most recent pronouncement on that subject:

"If there is substantial evidence to support a finding, * * * the ultimate weight to be given that evidence is to be determined by the agency in light of its expertise and the experience of its members in such matters. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* [Wyo., 662 P.2d 878 (1983)]. If the agency's decision is found to be supported by substantial evidence, we cannot substitute our judgment for that of the agency, but we are required to uphold its findings upon appeal. *McCulloch Gas Transmission Company v. Public Service Commission of Wyoming,* Wyo., 627 P.2d 173 (1981)." *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Commission, supra,* 715 P.2d at 562.

The problem appellant faces with this argument is obvious—we have already affirmed the district court's decision that the record lacked substantial evidence to support the Board's refusal to award a retirement pension.

### Appellant's Final Argument

█ Appellant's final argument is that this decision will create an unfair result inconsistent with the intent of the legislature as expressed in § 15–5–308. Appellant contends that the ultimate conclusion to be drawn from this case is that a policeman who can perform 90 to 95 per cent of the duties of a patrolman, and who could have been assigned duties which would

have enabled him to continue working, is nevertheless entitled to a full disability pension under § 15–5–308. To the contrary, the conclusion which should be drawn from this case is that a police department cannot first inform an injured police officer that no light duty is available at the time the officer requests it, and thereby require him to use up his sick leave; later inform the officer that his options are either to apply for worker's compensation or a disability pension; and ultimately obtain the Board's denial of the disability pension, in part because he could have requested light duty but did not do so at a time when light duty was available. See *Cloud v. Fort Dodge Police Pension Board,* supra.

We do no harm to this court's earlier decision in *Hoy v. Firemen's Pension Fund,* Wyo., 540 P.2d 531 (1975), wherein a fireman's request for a pension was denied because light duty was available to him and he was capable of performing it. In that case, the petitioner was in fact offered a light-duty job, and "[t]he pension denial was predicated on Hoy's refusal to accept this position of permanent floor-watch duty." 540 P.2d at 532.

The order of the district court is affirmed.