**TOLTEC WATERSHED IMPROVE-MENT DISTRICT, Appellant (Appellant/Contestee),**

v.

**ASSOCIATED ENTERPRISES, INC., acting through its President, Mr. Eldon JOHNSTON, Appellee (Appellee/Petitioner),**

**Wyoming State Board of Control, Appellee.**

**No. 91–170.**

Supreme Court of Wyoming.

April 15, 1992.

Fred W. Phifer, Wheatland, for appellant.

Wm. R. Jones, Wheatland, for appellee Associated Enterprises, Inc.

Joseph B. Meyer, Atty. Gen., Mary B. Guthrie, Dennis C. Cook, Sr. Asst. Attys. Gen., and Frederick E. Chemay, Asst. Atty. Gen., for appellee Wyoming State Bd. of Control.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

MACY, Justice.

Pursuant to Wyo.Stat. § 41–3–107 (Supp. 1991), the Wyoming State Board of Control granted Appellee Associated Enterprises, Inc.'s petition to transfer its water rights from lands submerged by Appellant Toltec Watershed Improvement District's reservoir. Toltec petitioned the district court for review, claiming that Associated Enterprises could not transfer the water rights for lack of ownership. The district court affirmed the Board of Control's decision.

We affirm.

Toltec raises the following issues on appeal:

> 1. Did the Order of Award dated May 21, 1982, pass title to the water rights appurtenant to the land which Appellants condemned?
>
> 2. Do water rights that are abandoned revert back to the previous owner?

Associated Enterprises owned land in Albany County, Wyoming, which Toltec condemned in 1981 for use as a reservoir. When completed, the reservoir inundated land previously irrigated by Associated Enterprises, prompting Associated Enterprises to seek a transfer of its water to lands west of the reservoir. To transfer its water, Associated Enterprises petitioned the Board of Control, pursuant to § 41–3–107,[1]

---

**1.** Section 41–3–107 provides in pertinent part:
> (a) The state board of control may, upon the written petition of the owners of an adjudicated water right, or water rights appurtenant to lands submerged by the construction of reservoirs in the state of Wyoming, issue amended certificates of appropriation of water and change the point of diversion and means of conveyance for such adjudicated appropriations of water for the irrigation of other lands in the state of Wyoming outside of the reservoir basin in lieu of the submerged lands, without loss of priority; provided:
> (i) The appropriation shall be from the same source of supply;
> (ii) The irrigated acreage shall include not only new land within the state of Wyoming having no original direct flow water right but also lands within the same drainage area having water rights from another source and which have a need for supplemental water,

> but in no event shall such right and use so changed exceed in amount of water that of the rights which are being changed;
> (iii) Such change of water rights be made within five (5) years from the date that construction of the reservoir dam has been completed. If such change is not applied for by the owner or his successors in interest within the five (5) year period such water rights shall become automatically abandoned and the water shall be distributed in order of priority on the stream. Such automatic abandonment shall apply only to lands inundated at and below the high water line of reservoirs. The board of control shall enter an order abandoning the water rights upon a determination that an abandonment has occurred;
> (iv) The change can be made only on condition that it does not injuriously affect the rights of other Wyoming appropriators.
> . . . .

for amended certificates of appropriation for the affected appropriations and to grant a change in the point of diversion and means of conveyance.

The Board of Control referred the petition to the Superintendent of Water Division Number I, who held a public hearing on September 19, 1990. On the basis of that hearing, the Board of Control found that Associated Enterprises complied with all the requirements of § 41–3–107 and granted the petition. Toltec appealed the Board of Control's decision to the district court. In a summary affirmance, the district court found that the Board of Control's decision was supported by substantial evidence. Toltec now appeals from the district court's affirmance.

Pursuant to § 41–3–107, the owner of water rights submerged by a reservoir may change the point of diversion and means of conveyance in order to irrigate lands outside the reservoir basin. The statute contains several requirements, but, as a threshold matter, the petitioner must own the water rights to be transferred. Toltec maintains that Associated Enterprises cannot transfer the water rights because Toltec acquired them when it condemned Associated Enterprises' land. The Board of Control disagreed with Toltec's position, finding that Toltec "condemned and purchased [Associated Enterprises'] lands to be inundated by Toltec Reservoir, but the water rights of [Associated Enterprises] were not purchased in that action." Because Toltec did not purchase the water rights, the Board of Control concluded that Associated Enterprises retained ownership of the rights.

■ The scope of our review of the Board of Control's decision is governed by Wyo.Stat. § 16–3–114 (1990) and W.R.A.P. 12.09. When considering the district court's review of an agency's action, "we are not bound to accept any of the conclusions reached in the district court, but we are obligated to review the appeal as if it came directly to this court from the agency." *Mountain Fuel Supply Company v. Public Service Commission of Wyoming*, 662 P.2d 878, 882 (Wyo.1983).

■ If the whole record establishes that substantial evidence exists to support the Board of Control's findings of fact, then this Court must accept those findings. *City of Cheyenne Policemen Pension Board v. Perreault*, 727 P.2d 702, 704 (Wyo.1986). We have previously defined substantial evidence as being " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence.' " *Vandehei Developers v. Public Service Commission of Wyoming*, 790 P.2d 1282, 1287 (Wyo.1990) (quoting *Wyoming Insurance Department v. Avemco Insurance Company*, 726 P.2d 507, 509 (Wyo.1986)). Once substantial evidence has been found to exist, the possibility of reaching two inconsistent conclusions from the evidence presented does not preclude a finding that the Board of Control's decision was supported by substantial evidence. *Id.; Burlington Northern Railroad Company v. Public Service Commission of Wyoming*, 698 P.2d 1135, 1139 (Wyo.1985).

■ Applying the foregoing standard of review, we examine the record to determine whether substantial evidence existed to support the Board of Control's findings. The record in this case is unique because almost all the evidence introduced was a recitation of pleadings and orders from prior litigations between the parties. These prior pleadings and various orders support the Board of Control's finding that Toltec did not purchase Associated Enterprises' water rights. Among the evidence was Toltec's complaint for condemnation, which did not seek condemnation of Associated Enterprises' water rights. Other evidence included the judge's order awarding compensation, an order granting compensation

(c) The owners of lands coming under the provisions of this section may sell or convey lands submerged or to be submerged by any such reservoir with provisions in the deed or

other conveyance that the water rights appurtenant thereto may be detached and transferred as provided herein.

and appointing appraisers to assess compensation, and an order describing the land, none of which made any reference to water rights.

Additional support for the Board of Control's finding is the position taken by Toltec in a previous litigation with Associated Enterprises. When Associated Enterprises appealed the condemnation award to this Court in 1982, Toltec argued that the "land was condemned as irrigated land and compensation was awarded on that basis, but that [Associated Enterprises] still own[ed] the water rights." *Associated Enterprises, Inc. v. Toltec Watershed Improvement District*, 656 P.2d 1144, 1146 (Wyo.1983).

The pleadings, orders, and Toltec's previous arguments are all relevant evidence which a reasonable mind might accept as being adequate to support the finding that Toltec did not purchase the water rights as part of its condemnation action. Therefore, we hold that substantial evidence existed to support the Board of Control's finding.

▮ Although substantial evidence existed to support the Board of Control's finding that Toltec did not purchase the water rights, we must still address Toltec's contention that the water rights were automatically conveyed as part of the condemnation. Toltec first refers us to the almost-century-old rule in Wyoming that water rights appurtenant to land pass with the conveyance of the land, even though the conveyance makes no mention of the water rights. *Frank v. Hicks*, 4 Wyo. 502, 35 P. 475 (1894). *See also Big Goose and Beaver Ditch Company v. Wallop*, 382 P.2d 388, 393 (Wyo.1963). Toltec then claims that, since Associated Enterprises failed to detach or transfer its water rights as allowed by §41–3–107(c),[2] the rights were conveyed according to the general rule of *Frank*.

We disagree. The cases cited by Toltec discuss water rights passing by *conveyance* of the land. A conveyance and an involuntary *condemnation* are significantly different. Although in a different con-

text, we previously noted this distinction in *State ex rel. State Highway Commission v. Meeker*, 75 Wyo. 210, 294 P.2d 603 (1956). In *Meeker*, we said that the transfer of title by eminent domain was not a conveyance within the meaning of the recording statutes but that it was a "transfer of title in invitum, that is to say, against the consent of the owner." *Id.* at 217, 294 P.2d at 605. This distinction is further discussed in 3 Julius L. Sackman and Patrick J. Rohan, Nichols' on the Law of Eminent Domain § 9.2. at 9–9 (Rev.3d ed. 1985):

> [T]he proceeding in eminent domain, which involves the element of compulsion, is in marked contrast to the effect of a voluntary conveyance between individuals. In the latter case, whenever it becomes necessary to construe the instrument of conveyance for the purpose of determining the extent thereof the rule is that the grantee will be allowed the greatest interest possible. In eminent domain, however, that construction must be adopted in the event of uncertainty, indefiniteness or ambiguity as leaves the owner with the greatest possible estate.

This distinction is applicable to the uncertain facts of the present case, where Toltec claims to have acquired the water rights through condemnation yet failed to purchase them. Accordingly, we hold that Associated Enterprises' water rights did not automatically transfer upon condemnation of its land.

In its second issue, Toltec asks, "Do water rights that are abandoned revert back to the previous owner?" According to Toltec, this issue is answered by § 41–3–107(a)(iii), which states:

> (iii) Such change of water rights [shall] be made within five (5) years from the date that construction of the reservoir dam has been completed. If such change is not applied for by the owner or his successors in interest within the five (5) year period such water rights shall become automatically abandoned and the water shall be distributed in order of

---

**2.** *See supra* note 1 for the text of § 41–3–107(c).

priority on the stream. Such automatic abandonment shall apply only to lands inundated at and below the high water line of reservoirs. The board of control shall enter an order abandoning the water rights upon a determination that an abandonment has occurred[.]

Apparently, Toltec contends that the water rights were automatically abandoned and that they should be distributed in order of priority on the stream, not returned to Associated Enterprises.

This argument has little merit. While the statute calls for automatic abandonment when a change is not applied for within five years, the last sentence of § 41–3–107(a)(iii) requires the Board of Control to determine that the water rights have been abandoned. The Board of Control made no such determination. Instead of determining that the water rights were abandoned, the Board of Control's finding of facts included the completely contrary finding that Associated Enterprises filed its petition within the authorized five-year period.

Affirmed.